## LEE *v.* CITY OF OXFORD.

[99 So. 509.   No. 23909.]

(Division B. April 7, 1924.)

1. MUNICIPAL CORPORATIONS. *Agreement ordinance is valid binding on motion in arrest of judgment.*
    Where the parties to a prosecution for violating a city ordinance agree, before entering trial, that the city has a valid ordinance punishing the offense charged, and they waive the introduction of the ordinance, after which there is a conviction of the offense charged, the defendant cannot on motion in arrest of judgment show that the ordinance is void for defects in its drafting.

2. SEARCHES AND SEIZURES. *Who may avail of constitutional privilege against unlawful searches and seizures stated.*
    In order to avail of the constitutional provision against unlawful searches and seizures, the search must invade the premises or property of the defendant. He must at least have a right of possession that would make him owner for the time being.

3. LEWDNESS. *Proof necessary to sustain conviction for unlawful "cohabitation," stated; when one of two acts relied on, proof must show habitual existence of relations.*
    In a charge for violating section 754, Hemingway's Code (section 1029, Code of 1906), it is necessary to either prove a living together as husband and wife without marriage, or such facts as will necessarily show habitual acts of sexual intercourse. It is not sufficient to show occasional acts, where the parties are not living in the same house. Where one or two acts and circumstances are relied on, the circumstances must be such as to show convincingly that the sexual selations have existed habitually.

APPEAL from circuit court of Lafayette county.
HON. THOS. E. PEGRAM, Judge.

Tommie Lee was convicted for unlawful cohabitation, and he appeals.   Reversed and remanded.

*W. P. Shinault,* for appellant.

Tommie Lee, colored, was convicted of unlawful cohabitation with Beulah Lucas.   The marshal and deputy

sheriff in April and September, 1923, were making general raids over the city, without warrants for arrests, and without warrants for search of premises or homes, and visited the home of Beulah Lucas in the city, where they went upon her premises to her home, in the night time, without invitation to do so, knocked upon her door and ordered it open, which being done, they found the appellant and Beulah Lucas in the latter's home, in such manner and way as to indicate commission of the offense charged.

In an offense, which in its nature was joint between Beulah Lucas and the appellant, if at all, testimony if incompetent as to her as having been gathered without warrant in law, would surely be likewise incompetent as to him. Otherwise, the paradox appears of appellant being in a home where he was welcome, and officers invade without warrant that home, and upon such testimony so obtained convict him of crime with her, although she is released upon the evidence so unlawfully obtained.

Surely the guest is to have the benefit of the law along with the home owner when charged with a clandestine joint offense with the owner. It is submitted, the motion to exclude this testimony, which was identical in the two cases, should have been sustained and the defendants discharged. On the whole record, it is submitted this cause should be reversed and this appellant discharged.

*L. C. Andrews,* for appellee.

All the officers did in this case was to enter the yard and the front porch of the residence in which Beulah Lucas was living and knock at the door. They did not try to force an entrance. The door was opened by Tommie Lee without any protest, and while it was opened the officers saw Beulah in bed and Tommie sitting on the side of the bed in his night clothes. However, this

objection could not avail the appellant for it was not his home that was invaded. There is ample evidence to sustain the conviction. They had some time prior to their arrest entered pleas of guilty to the same charges, and the circumstances and facts testified to, abundantly show the relationship alleged. As to what constitutes an unlawful search, see *State of South Carolina* v. *R. L. Quinn, et al.,* 3 A. L. R. 1500. Criminal intercourse once shown is presumed to continue if the parties be living under the same roof. *Carrotti* v. *State,* 42 Miss. 334.

Argued orally by *L. C. Andrews,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

Tommie Lee was indicted, tried, and convicted for unlawful cohabitation in violation of an ordinance of the city of Oxford, and was convicted in the city court and appealed to the circuit court of Lafayette county, and was again tried and convicted, from which judgment he appeals.

It appears from the evidence that the city marshal and a constable, about the 8th day of September, 1923, made a search through the municipality for violations of the law, and went to the house of one Beulah Lucas without a search warrant and knocked upon the door, and Tommie Lee, who was in the house, demanded to know who it was, and was told to open the door, which he did. At the time he was dressed in his night clothes and Beulah Lucas was in bed. Lee sat upon the bed and dressed in the presence of the officers, who seemed not to have entered the house. It was shown that Beulah Lucas occupied a room which she rented from one Joe Watkins, who also lived in the same building. The proof further shows that in March or April preceding this arrest the officers found Lee and Beulah Lucas in the bed together, and had them arrested, and they pleaded guilty of un-

lawful cohabitation. Other proof introduced was to the effect that Lee had been seen at the house of Beulah Lucas on several occasions sitting by the fire or on the porch, and that he was seen a number of times in company with her passing through the city. It was proven that the appellant, Lee, lived with his father about a mile from the city of Oxford.

The defendant objected to the introduction of the evidence on the ground that it was obtained by an unlawful search, and that the evidence was insufficient to convict, and, after the trial was had, on a motion for a new trial attempted to show that the ordinances of the city of Oxford, which were blanket ordinances, attempted to make all misdemeanors under the state law offenses against the municipality. However, at the beginning of the trial it was agreed between the parties that the city of Oxford has a valid ordinance making offenses charged in these affidavits a violation of the law, and a formal introduction of the ordinance was waived.

We think the appellant is not entitled to raise this question after the trial, when he agreed that the city had a valid ordinance and waived the production of the ordinance. We are also of the opinion that the appellant was not entitled to the protection claimed against unlawful search because no premises of his were unlawfully searched.

In order to avail of the provisions against unlawful searches, the premises or property of the accused must be invaded. He must at least have some such right of possession as would make him owner for the time being. In the present case he was nothing more than a mere guest without lawful right of possession of the property searched.

We have held, in *Harris* v. *State,* 98 So. 349, and in *Falkner* v. *State,* 98 So. 693, that a defendant cannot complain of an unlawful search of the premises of another, and therefore it was not error to admit the evidence against Tommie Lee.

Section 754, Hemingway's Code (section 1029, Code of 1906), denounces the offense for which the appellant was convicted in the following words:

"If any man and woman shall unlawfully cohabit, whether in adultery or fornication, they shall be fined in any sum not more than five hundred dollars each, and imprisoned in the county jail not more than six months; and it shall not be necessary, to constitute the offense, that the parties shall dwell together publicly as husband and wife, but it may be proved by circumstances which show habitual sexual intercourse."

In *Carrotti* v. *State,* 42 Miss. 334, 97 Am. Dec. 465, it was held that under this section criminal intercourse once shown is presumed to continue if the parties be living under the same roof, although those who dwell with them are not prepared to depose to the fact.

In *Spikes* v. *State,* 98 Miss. 483, 54 So. 1, the court, passing upon what it took to constitute this offense, quoted from *Granberry* v. *State,* 61 Miss. 440, as follows:

"It is probably sufficiently accurate to say that it condemns the state of concubinage in which the parties, whether dwelling together or not, habitually indulge in sexual intercourse. It is not necessary that they shall dwell together, nor that they publicly avow the relationship which exists between them. It is sufficient to show that condition or relation, whether it be avowed or concealed, which, if publicly known, would lead men to characterize the woman as the mistress of the man. It is habitual concubinage or lying together which constitute the cohabitation meant by the statute. Where a cohabitation, using the word in its usual sense, is shown, one or more acts of sexual intercourse clearly proved, or circumstances from which the fact of such intercourse would necessarily be inferred, as that the parties slept in the same bed, would uphold a verdict of guilty; but in the absence of evidence of said cohabitation or living together it is not sufficient to prove occasional acts of sex-

ual intercourse. It is necessary to prove such intercourse so often repeated as to become habitual, or circumstances indicating that it is habitual.''

Measured by the rule laid down in these cases, the state failed to establish the relation which the statute denounces. There is nothing in the circumstances shown between the act of March or April and the act of September which would indicate the commission of such acts as to constitute the offense. No impropriety of conduct or attitude, and no circumstance inconsistent with innocence, is shown on any occasion other than the two particular times mentioned. The last two cases cited, we think, are stronger on the facts than the present case, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*