ASHLEY *v.* STATE.*

(Division B. June 11, 1928.)

[117 So. 511. No. 26942.]

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 571, n. 93; Intoxicating, Liquors, 33CJ, p. 758, n. 80.

*Homer Currie,* for appellant.

*Rufus Creekmore,* for appellee.

ETHRIDGE, P. J. The appellant was convicted in the circuit court of Smith county on the charge of having possession of the integral parts of a whisky distillery,

and sentenced to a term of two years in the penitentiary.

It appears that the sheriff and some deputies had information that beer or mash was at a certain point, in the woods in the county in question. They went at night to the place, and there found some corn beer in a barrel, a trough, and a lard can, which had the *indicia* of having been used as a distillery. The officers secreted themselves nearby, and after daylight the appellant appeared on the scene, picked up a little bucket, which he rinsed with water from a brook or a branch near the place. He then appeared to see some tracks, and was looking at the ground in the direction from which the officers approached the still, walked in said direction from which they came a few feet, gazing intently at the ground, then turned and looked around in the direction where the officers were located, returned to the trough, pulled up some stakes with which it was fastened to the ground, and threw the trough into the nearby brook. He then returned to where the can was, which appeared to have been used as a distillery, and had picked it up, when he was called upon to hold up his hands and surrender to an arrest, which he did.

It appears from the testimony that the land upon which the still was found belonged to a man named Sherman, but that the appellant had rented some land from Sherman for cultivation.

The defendant testified that he was out looking for some hogs, and that he had been by the place once before and drunk some fermented plum juice at the barrel, and that upon this occasion there was corn mash in the barrel; that he saw the distilling outfit, and knew that Mr. Sherman did not want a distilling outfit on his land, so he moved it, and was undertaking to destroy it.

The court submitted the question to the jury as to whether the appellant was possessed of the still or its integral parts, and the jury returned a verdict of guilty.

It is first contended that the court erred in admitting the evidence procured in this manner, because the officers obtained it without a search warrant. It appears from the defendant's testimony, as well as from that of the officers, that the land on which the still was found belonged to Sherman, and not to the appellant, and therefore no right of the appellant was invaded by the search.

It is next argued that the evidence is insufficient to convict the appellant beyond a reasonable doubt, that the articles or implements mentioned were the integral parts of a whisky still.

The officers testified to the condition of the trough and can found there, from which it appears that the can had been used; that it had a top which had been sealed with mud, and had an opening for the passage of liquor distilled into a pipe.

We think the evidence was sufficient to show that the vessels and appliances found were parts of a still, within the meaning of the statute.

It is also contended that the evidence is insufficient to connect the defendant with the ownership and control and possession of the articles constituting the integral parts of a whisky still.

The facts and circumstances are sufficient, in our opinion, to show that the defendant was possessed of the outfit. He appeared there early in the morning, and was apparently making preparations for the operation of the still, when he discovered tracks made by the officers in approaching the place the night before. When he found these tracks, he again took charge of the several parts of the distillery, or was proceeding to do so, acting as though he had the right, and apparently trying to conceal the parts, so that the officers, returning, would not find them.

The evidence was sufficient, in our opinion, for the jury to infer from his acts and conduct, and all the at-

tendant circumstances, that he was in control and possession of the still, or the integral parts thereof.

The judgment is therefore affirmed.

*Affirmed.*