PICKETT et al. v. STATE.

(Division B. Nov. 11, 1929.)

[124 So. 364. No. 28147.]

H. F. Jones, of Belzoni, for appellants.

**Forrest B. Jackson,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants were indicted, tried, and convicted of the crime of manufacturing intoxicating liquors, and sentenced to a term of two years each in the state penitentiary, from which conviction this appeal is prosecuted.

The circumstances leading up to the detection and arrest of the defendants are about as follows: The deputy sheriff was serving process one afternoon out in the country, and left his car on the highway, and went into a piece of woodland some distance from the road, and there he found mash and the distillery. He concluded from the condition of the mash that there would probably be a run of the still the night of the following day, and

returned to the sheriff's office, and he, in company with two others from the office, proceeded to the place where the mash and distillery were, on the following night. They found the three defendants there working around the still, two of them were pouring mash into the still, and the third was building a fire around the still. They watched them some little time, and the distillery was being operated. They then placed them under arrest, two of them surrendered without flight, and one attempted flight, but was intercepted by one of the officers and arrested. The officers had no search warrant to search the premises, and the evidence was objected to when offered, and admitted over the objection.

There was a request by the appellants that the court determine the competency of the evidence out of the hearing of the jury, which the court refused to do. It appeared in the evidence that the woodland belonged to a man by the name of Box, and that two of the appellants were sharecroppers on the plantation owned by Box, their houses were not very distant from the woodland, but there was a strip of cultivated land between the houses and the woodland. The still was about one-fourth of a mile from the residence of two of the appellants— the third appellant was visiting his brother, so he testified, at the time they were arrested.

The evidence as to the amount of land which was worked on shares by the appellants is uncertain, it was not identified with much certainty, nor was a contract, if in writing, introduced, or, if verbal, its terms were not introduced, in evidence or testified to. There is no evidence to show that the woodland at the place the still was situated, or over which the officers went, was included in the sharecropper's contract, nor does the evidence show any right of possession over the woodland. This being true, and the woodland belonging to another, the appellants' rights were not shown to have been violated in

making the search, and consequently the evidence was admissible.

When objection to the evidence is made on the ground of the absence of a search warrant, or in case of felony on the sufficiency of the evidence to show probable cause, the court should hear the evidence out of hearing of the jury and permit all the evidence to be then offered; still it is not reversible error to refuse to do so, if the evidence is in fact competent, as no prejudice results to the defendants. There being no other error in the record, the judgment of conviction must be affirmed.

Affirmed.