COFER *v.* STATE.

(Division A. Oct. 27, 1930.)

[130 So. 511. No. 28404.]

Creekmore & Creekmore, of Jackson, for appellant.

W. I. Stone and Stone & Stone, both of Coffeeville, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

Argued orally by **H. H. Creekmore** and **W. I. Stone**, for appellant, and by **W. A. Shipman**, Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.·

The appellant, Ellerson Cofer, was indicted jointly with Floyd Carr, Lee Cofer, Fred Hamilton, and Glenn Davis for the murder of one J. H. Pruitt. There was a severance and separate trial of the appellant, which resulted in a conviction and sentence to life imprisonment

in the state penitentiary, from which this appeal was prosecuted.

This appeal is from a second conviction of the appellant, the former conviction having been reversed because of the admission in evidence of certain shotgun shells unlawfully seized in the search of the appellant's home under a warrant authorizing a search for intoxicating liquors. Cofer v. State, 152 Miss. 761, 118 So. 613. The deceased was assassinated near the front of his home, from which he was called in the nighttime. The theory of the state was that, in pursuance of a conspiracy formed by the appellant and his codefendants, the deceased was killed to prevent him from testifying against the appellant and certain other parties on certain liquor charges against them, and that the appellant actively participated in the events at the scene of the murder. In order to make apparent the points to be decided on this appeal, it will be unnecessary to set forth the substance of the testimony offered at the trial, which was voluminous, but it will be sufficient to say that, aside from incriminating statements alleged to have been made by the appellant and his alleged coconspirators, the testimony was largely circumstantial.

The appellant first contends that the court committed prejudicial error by permitting the impeachment of the testimony of a witness, Fred Hamilton, on immaterial and collateral matters.

The appellant offered as a witness in his behalf his codefendant, Fred Hamilton, and on cross-examination of this witness, after he had been questioned at great length in reference to matters which occurred, and incriminating statements made by the appellant and the witness prior to the killing, he was questioned in detail in reference to certain statements and declarations made by him out of the presence and hearing of the appellant, and long after the alleged conspiracy had been consummated by the murder of Pruitt. The witness denied mak-

ing these statements, and in rebuttal the court permitted the state to offer the testimony of four witnesses to prove that he did make the statements.

The rule is well settled in this state that it is not competent to contradict or impeach a witness about an immaterial or collateral matter. Williams v. State, 73 Miss. 820, 19 So. 826; Garner v. State, 76 Miss. 520, 25 So. 363; Jeffries v. State, 77 Miss. 760, 28 So. 948; Bell v. State (Miss.), 38 So. 795; Magness v. State, 106 Miss. 195, 63 So. 352; Ware v. State, 145 Miss. 247, 110 So. 503; Walker v. State, 151 Miss. 862, 119 So. 796.

The test by which it shall be determined whether a matter is irrelevant or collateral is likewise laid down in prior decisions of this court, as illustrated by the case of Garner v. State, 76 Miss. 515, 25 So. 363, 364, where this test is stated in the following language: ''Applying the infallible test laid down by this court in the elaborate and exhaustive opinion delivered in the case of Williams v. State, 73 Miss. 820, 19 So. 826, the error in admitting this evidence of Farnham is palpable. 'The test of whether a fact inquired of in cross-examination is collateral is this: Would the cross-examining party be entitled to prove it, as a part of his case, tending to establish his plea?' ''

It is likewise well settled that the acts and declarations of one conspirator, if made after the completion or abandonment of the criminal enterprise, are inadmissible as evidence against a coconspirator. Lynes v. State, 36 Miss. 617; Simmons v. State, 61 Miss. 243. The alleged declarations of the witness Hamilton, which the state was permitted to offer in rebuttal, were made long after the completion of the criminal enterprise, and consequently the state was not entitled to prove them as part of its case tending to establish the guilt of the appellant; and, applying the test stated above in the quotation from Garner v. State, it is manifest that these admissions and declarations were irrelevant and collateral to the issue

involved. These declarations, which it was sought to establish by the witnesses offered in rebuttal, when taken in connection with other testimony in the record, tended to establish a guilty knowledge on the part of the witness Hamilton, and the existence of a conspiracy between him, the appellant, and others, to kill the deceased, and we think the admission of this testimony of these rebuttal witnesses was prejudicial. The state contends, however, that the error in the admission of this testimony was cured by an instruction granted to the appellant, which informed the jury that the testimony given by these witnesses in rebuttal, contradicting the witness Hamilton, "must not be considered by the jury as any evidence of the guilt or innocence of the defendant, Ellerson Cofer, but must only be considered as going to the credibility of the witness Hamilton." We do not think this contentention is maintainable.

Aside from any consideration of whether or not the jury, in the consideration of the main issue, did or could divest their minds of the statements and declarations proven by the four witnesses, and restrict their consideration thereof merely to the impeachment of the witness Hamilton, the court below, by the admission of this rebuttal testimony and the granting of this instruction, told the jury that it could and should do the very thing that is prohibited by the above-stated rule of law. The rule prohibits the contradiction of a witness about irrelevant and collateral matters for any purpose, and to permit such contradictions with directions that they should be considered by the jury in passing upon the credibility of such a witness would largely destroy the force and effect of the rule.

Counsel for the state advances a further contention that these declarations were admissible, for the reason that the proof shows that the conspiracy between the appellant and others included a purpose and design to murder not only Pruitt but also W. H. Wright, who with

Pruitt was a witness in the liquor charges against the appellant and others, and, consequently, that the criminal enterprise had not been completed at the time the declarations were made. The evidence is wholly insufficient to establish any conspiracy or design to kill, or otherwise remove, the said Wright, and consequently there can be no merit in this contention.

The appellant next complains of the second instruction granted to the state. The language of this instruction is subject to some criticism, and it should be clarified before being used at another trial, but we think any alleged errors in this instruction were cured by instructions granted to the appellant which clearly and accurately stated the law applicable to the facts.

The appellant next complains of the admission in evidence of two certain shotguns which, it was alleged, were illegally seized in the homes of Lee Cofer and Floyd Carr, under a warrant authorizing a search of the said residences for intoxicating liquors. It has been repeatedly held by this court that a defendant cannot complain of a search of premises or property which is neither owned by him nor in his possession or control, and consequently there is no merit in this contention. Lee v. City of Oxford, 134 Miss. 647, 99 So. 509; Falkner et al. v. State, 134 Miss. 253, 98 So. 691; Ross v. State, 140 Miss. 367, 105 So. 846; Ashley v. State, 150 Miss. 547, 117 So. 511.

There is in the record a purported special bill of exceptions signed by the attorneys who represented the appellant in the court below. It will not be necessary, however, to now pass upon the validity of the statute under which this bill of exceptions was prepared and signed, or to decide the questions attempted to be raised thereby, as these questions and alleged errors may, and probably will, not arise upon a new trial of the cause. For the error indicated, however, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.