## STEELE v. CITY OF LEXINGTON.

(Division B. June 11, 1934.)

[155 So. 343. No. 31332.]

P. P. **Lindholm,** of Lexington, for appellant.

Johnson & **White,** of Lexington, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant was convicted of a violation of a city ordinance. No notice was given the court reporter, and the record therefore contains no transcript of the evidence or of the proceedings during the trial. There is nothing in the clerk's transcript to show that the ordinance of the city was introduced in evidence, and, since courts do not take judicial notice of municipal ordinances, it is contended that the record is for that reason insufficient to sustain the judgment.

More frequently than otherwise in trials for violations of municipal ordinances the parties agree during the trial that the municipality has a valid ordinance covering the offense charged, as was the case, for instance, in Lee v. Oxford, 134 Miss. 647, 99 So. 509, which agreement is usually dictated to the court reporter. We must assume that this was done, and would appear in the court reporter's transcript had the transcript been, on notice, made a part of the record. The presumption is that the judgments of courts of general jurisdiction are valid and were supported at the time of their rendition by all the evidence and other essentials requisite to that validity, and that presumption stands until the contrary is made affirmatively to appear. When matters which transpired in the trial are missing from the appellate record, it will be presumed that the missing portion was of such character as to supply the material necessary to support the judgment or decree. Hume v. Inglis, 154 Miss. 481, 487, 122 So. 535.

Affirmed.