## WILKINSON v. CITY OF JACKSON.

(Division A. Nov. 30, 1936.)

[170 So. 901. No. 32393.]

Barnett, Jones & Barnett, of Jackson, for appellant.

**Green, Green & Jackson,** for appellee.

418

**Cook, J.,** delivered the opinion of the court.

This is an appeal by D. W. Wilkinson, plaintiff in the court below, from the verdict of a jury and judgment entered thereon in favor of the city of Jackson, in an action for personal injuries alleged to have been received by him on account of a defect in a street of said city.

Appellant alleged in his declaration that, on an occasion when East Capitol street was blocked against vehicular traffic, and a very large crowd of people was assembled in that street for the purpose of viewing election returns which were being projected onto a screen a short distance east of the intersection of President street and East Capitol street, he slipped and fell into an auxiliary basin-like depression connecting with a

catch basin opening into the storm sewer under the street or sidewalk. It was further alleged that appellant was caused to slip and fall into the depression in the street on account of the unusual and abrupt declivity thereof, and that on account of the size and abrupt slope of this basin-like depression from the level of the street, it constituted a dangerous defect therein, and that in the original construction of this depression or basin, and in its failure to repair the defect therein, the city was grossly negligent.

The proof shows that the depression and catch basin in question are near the northeast corner of the intersection of President and East Capitol streets within the business district of the city, and immediately adjacent to a bus stop. The size, slope, and general character of construction of this depression and catch basin were given in great detail by reference to a map or drawing thereof, which is not before us; but we understand from this testimony that the depression is approximately six feet long, adjacent to the curb, and extends out into the street about two feet from the face of the curb at right angles from the center of the catch basin. The slope or decline of the depression from its outside borders to the point where it enters the catch basin was described by measurements at various points of its depth from the level of the curb. The jury was taken to the scene of the alleged accident, and, in determining whether or not the depression was negligently constructed, they had the benefit of their observations thereof.

Appellant first assigns as error the admission of testimony showing the number of catch basins in the city of Jackson, and the average cost of constructing such basins. The question at issue was whether or not the depression into which the appellant fell was negligently constructed and maintained, and we think the matter of the cost of constructing catch basins throughout the city was immaterial and irrelevant, and that the objection to this evidence should have been sustained. But

we do not decide that, for this error alone, the judgment of the court below should be reversed.

The appellant next complains of the admission of evidence comparing the auxiliary depression and catch basin in question with others in the city of Jackson, and of the admission of certain PWA plans for the construction of catch basins on West Capitol street in said city.

The evidence shows that the city adopted no plans and specifications for the size and grade of the depression leading into the catch basins, but that matter was left to the judgment of the construction engineers, having in view the rainfall, elevation, grade of the streets, amount of traffic, and surrounding conditions, and it was competent to introduce evidence showing that the depression in question was constructed according to accepted and approved engineering practices adapted to the conditions at that point. We do not think, however, that it was permissible to show that depressions leading into other catch basins were similarly constructed, as the negligence, if any, in the construction of the particular depression would not be excused or nullified by repetitions of the negligent act in the construction of inlets or depressions at other points in the city. 43 C. J. 1256; 10 R. C. L. 944. Under this view, neither testimony comparing the construction of other depressions and catch basins with the one in question, nor the plans and specifications prepared or supervised by the appellant's witness Keele, for the PWA project on West Capitol street in the city of Jackson, were admissible. It is argued that these PWA plans were admissible for the purpose of contradicting the testimony of the witness Keele, as to the alleged defective and negligent construction of the depression here involved, and the type of construction approved by him in another part of the city, as developed on his cross-examination. The type of construction of basins and depressions on West Capitol street, where surrounding conditions were wholly dif-

ferent, was immaterial and collateral to the issue involved, and it is not permissible or competent to impeach or contradict a witness about an immaterial or collateral matter. Cofer v. State, 158 Miss. 493, 130 So. 511, and authorities there cited.

For the errors indicated, the judgment of the court will therefore be reversed and the cause remanded.

Reversed and remanded.