McLemore *v.* State.

(Division B.   Feb. 1, 1937.)

[172 So. 139.   No. 32439.]

Earle L. Wingo, of Hattiesburg, for appellant.

**Webb M. Mize,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

Appellant, Amos McLemore, was jointly indicted with Leroy McLemore for the unlawful possession of a distillery, at the April, 1936, term of the Forrest county circuit court; the indictment charging as follows: ''That Leroy McLemore and Amos McLemore, on the 20 day · of April, 1936, in Forrest County aforesaid, did then and there, willfully, unlawfully and feloniously have in their possession a distillery commonly called a still, against the peace and dignity of the State of Mississippi,'' and on being convicted was sentenced to serve a term of two years in the State Penitentiary, from which he appeals here.

The evidence against appellant was obtained by agents of the Federal Government. They, having previously ascertained the location of a still, went up north of Hattiesburg, where the still was located, about 5:45 in the morning, to some point in the edge of a swamp on Leaf

,river, and saw there Leroy McLemore and another bring certain parts of a still. They again went to the place and found some mash almost ready to run. They again went to the place, on the day the appellant was arrested, and found a regular still for distilling whisky set up, and Leroy McLemore was building a fire around it, but they did not see any vessels in which the whisky, when made, was to be placed. They arrested Leroy McLemore, and one of the federal officers went to a point above the still, and between that and the McLemore residence, where there was a path leading to the still, and secreted himself. Shortly thereafter, Amos McLemore appeared with an empty keg on his shoulder and was walking toward the still; the federal officer followed him, and when appellant noticed this, he threw the keg down, whereupon the officer told him to go on to the still. When they reached the still where Leroy McLemore and the other person were, Leroy McLemore was asked to whom the still belonged. He stated that it belonged to him and the appellant. He was then asked upon whose land it was situated, and he stated that he did not know; that the McLemore estate had not been divided. These statements were made in the presence of appellant, were not denied, and thereafter appellant confessed ownership of the still, and requested the federal officers not to talk about the matter, as he (appellant) had a job on the G. & S. I. Railroad and feared he would lose it, and he also asked that they be taken to some jail other than that at Hattiesburg. The officers refused to do this, and Leroy McLemore and the appellant were placed in jail at Hattiesburg.

The appellant offered no evidence at all, and asked for no instructions, and the court admitted the above stated evidence.

There was objection to this evidence on the ground that no search warrant had been issued, and the testimony showed that the officers did not have a search warrant. This objection is without merit for the reason that

it was not shown that the still was upon premises owned by the appellant, or that he had any interest in the premises searched. A defendant must have some interest, at least to the extent of the right of possession, or else he cannot complain of the absence of a search warrant. Lee v. Oxford, 134 Miss. 647, 99 So. 509; Pickett v. State, 135 Miss. 386, 124 So. 364; Cofer v. State, 158 Miss. 493, 130 So. 511; Polk v. State, 161 Miss. 506, 142 So. 480.

As above stated, the indictment charged that the appellant willfully, unlawfully, and feloniously had a still in his possession. The prosecution was under section 1993, Code of 1930, which provides that it shall be unlawful for any person, firm, or corporation to own or control or have in possession a still, or any integral part thereof.

Conceding, but not deciding, that the indictment properly used the word "willfully," it is not a fatal defect to omit this word in an instruction defining the offense, where the evidence conclusively shows that the possession of a still was willful, unlawful, and felonious.

Under the evidence in this case, the jury could not have rendered any other verdict than guilty, because the proof was clear and convincing, beyond reasonable doubt, being entirely undisputed, and there is nothing at all in the record which suggests any lawful use, or possession for any other purpose than the distilling of whisky.

In passing upon a ruling of the lower court, the Supreme Court will look to the record, and if, in the light thereof, no harm appears to have resulted from the ruling complained of, the judgment will be affirmed, although the ruling may have been erroneous when made. Planters' Lumber Co. v. Sibley, 130 Miss. 26, 93 So. 440.

Error without prejudice is no ground for reversal. Ladnier v. Ingram Day Lumber Co., 135 Miss. 632, 100 So. 369.

A judgment will not be reversed for error, except where the rights of the complaining party were thereby

prejudiced. Gulf, M. & N. R. R. Co. v. Willis, 171 Miss. 732, 157 So. 899, 158 So. 551. See other cases cited in Mississippi Digest, Vol. 2, Appeal and Error, 1025-1030.

The judgment of the court below will, therefore, be affirmed.

Affirmed.