## BROWN v. STATE.

(In Banc. Nov. 10, 1941. Suggestion of Error Overruled Jan. 12, 1942.)

[5 So. (2d) 426. No. 34699.]

Wm. M. Estes, of Enterprise, for appellant, on suggestion of error.

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, for appellee.

Argued orally by **Wm. M. Estes**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**McGehee, J.**, delivered the opinion of the court, on Suggestion of Error.

On a former day of the term, we affirmed the appellant's conviction of the unlawful possession of intoxicating liquors, and in view of Section 3379, Code of 1930, the affirmance was without a written opinion. The liquors were found near the residence of the appellant but on land belonging to another and not described in the search warrant under which the search for the same was being made by the officers; and because of the lack of unanimity on the part of the Judges in this decision on the suggestion of error as to whether the evidence was admissible against the appellant, we deem it proper that the previous decisions of the court on this particular point should be cited in support of the majority opinion to the effect that no constitutional right of the appellee against unreasonable search and seizure is violated, as defined by Section 23 of the Constitution of 1890, unless the houses and possessions searched are the property of the person complaining or unless he is entitled to or is exercising possession thereof under such circumstances as to make him the owner for the time being.

There was sufficient proof offered by the State to make an issue for the jury as to whether or not these intoxicating liquors belonged to the appellant and were in his possession or under his control when found by the officers

hidden inside the pasture of Mrs. Cross near the residence of the appellant, and to which a well defined path led from his back door through a wire fence.

The officers had a search warrant for the search of certain lands, premises and possessions of the appellant, but they held no warrant for the search of the pasture or premises of Mrs. Cross where the whiskey was found. It does not appear that the appellant was using the hiding place for the whiskey in the pasture of Mrs. Cross with her knowledge or consent, but there was testimony as to her hostile attitude toward intoxicating liquors. In the absence of proof of her consent, if such was material on the issue here involved, the presumption should be to the contrary, since the appellant does not contend that he had the right to exercise any possession or control over any part of the pasture of Mrs. Cross for the purpose of storing the intoxicating liquors in question. On the other hand, he denied that he had even seen the whiskey until the officers had found and taken charge of the same.

We affirmed the conviction of the appellant, and the affirmance was ordered without a written opinion because of a number of previous decisions of the court holding that a defendant cannot complain of an unlawful search of the premises of another, and wherein he has no right of possession such as would make him owner for the time being. Falkner et al. v. State, 134 Miss. 253, 98 So. 691; Lee v. City of Oxford, 134 Miss. 647, 99 So. 509; Ross v. State, 140 Miss. 367, 105 So. 846; Messer v. State, Miss., 107 So. 384; Davis et al. v. State, 144 Miss. 551, 110 So. 447; Ashley v. State, 150 Miss. 547, 117 So. 511; Roberts v. State, 153 Miss. 622, 121 So. 279; Cofer v. State, 158 Miss. 493, 130 So. 511; James v. State, Miss., 161 So. 749; McLemore v. State, 178 Miss. 525, 172 So. 139.

In the Falkner case, supra, the intoxicating liquors were found upon the premises of Tom Falkner about three hundred yards from his residence in the woods. His brother Pete Falkner lived somewhere on the premises "but the record does not disclose exactly where or in what

capacity he lived there or what his rights of possession were.'' They were both convicted of manufacturing the liquor. The court upheld the conviction against Pete and reversed the cause as to Tom for the reason that the premises belonged to Tom and the liquors were found on his premises pursuant to a search by the officers without a warrant. Pete Falkner was using the premises not only with the knowledge and consent of the owner Tom Falkner, but was using the same jointly with Tom in their enterprise of making liquor, and the court held that ''it is not an error of which Pete Falkner can complain that an unlawful search of Tom Falkner's place was made and evidence obtained thereby.''

In the case of Lee v. City of Oxford, supra, the appellant was apprehended in the commission of a crime while he was a guest in the home of one Beulah Lucas, and which place was searched without a warrant. In upholding his conviction, the court said: ''In order to avail of the provisions against unlawful searches, the premises or property of the accused must be invaded. He must at least have some such right of possession as would make him owner for the time being. In the present case he was nothing more than a mere guest without lawful right of possession of the property searched.''

In Ross v. State, supra, the court held that a person's right to avail of Section 23 of the Constitution of 1890 in a prosecution may be waived by him, and if he deliberately testified that the property searched did not belong to him and he did not have possession of it at all, he cannot thereafter claim a search was unlawful, being estopped by his oath to take a position contrary to that to which he had so sworn. As heretofore stated, the appellant in the case at bar denies having had possession of Mrs. Cross's land for the purpose of hiding the intoxicating liquor thereon, and does not contend that he had a right to use her premises for any other purpose.

In the case of Davis et al. v. State, supra, the appellants, Chris, Bud and Boy Davis, were convicted of operating

a whiskey distillery, commonly called a still, on land belonging to a Mr. Rutherford, but which the appellant Chris Davis had fenced by permission of the owner and was using as a pasture. The other appellants had no interest in the premises searched. The officers did not have a search warrant when the search was made and the evidence secured. The court reversed the conviction as to Chris Davis and upheld the same as to Bud and Boy.

In the case of Roberts v. State, supra [153 Miss. 622, 121 So. 280], the court again said: "In order for a defendant to avail himself of his constitutional right against an unreasonable search and seizure, his premises must be invaded, not that of another. He cannot complain of the unlawful search of the premises of another."

In the case of James v. State, supra, the court said that: "For a reversal of this cause appellant relies, first, upon the decision of the court in the companion case of Little v. State [171 Miss. 818], 159 So. 103, wherein it was held that certain testimony was inadmissible, for the reason that it had been obtained by means of an unlawful search of the home and premises of the appellant therein. That case has no application here, for the reason that it does not appear that there was any search of any property belonging to or under the control of the appellant. The still near which the appellant was arrested was in the open woods, and it was not shown that he owned the land or premises on which it was located or had any interest whatever therein; and consequently he cannot complain of any alleged trespass thereon. Falkner v. State, 134 Miss. 253, 98 So. 691." That case, however, was reversed because of the insufficiency of the evidence, but the court reaffirmed the principle which had been uniformly adhered to in the former decisions; and to the same effect are the holdings in each of the other cases hereinbefore cited.

Suggestion of error overruled.

**Anderson, J.**, delivered a dissenting opinion.

At a former day of the present term of this court, the judgment of conviction in this case was affirmed without an opinion. I concurred with the other members of the court in the affirmance. It is now back before the court on suggestion of error.

After thorough reconsideration of the case, I have reached the conclusion that the court erred in affirming the judgment. The affidavit and search warrant described the property to be searched as appellant's home, outhouses, barns, yard, garden, field, woods, etc., near his residence located on "Section 22, Township 4, Range 14 in said County." The evidence showed that the liquor found by the search was located on Section 23, instead of Section 22, Township 4, Range 14 in Clarke County, and approximately 300 feet from appellant's property, but that there was a beaten path from appellant's home to where the liquor was found; that the find was on property owned by Mrs. Cross. The evidence was sufficient to show that the liquor found belonged to appellant and he was using the place where found, and probably had been using it for sometime, as a hide-out for his liquor. Mr. Cross, the husband of Mrs. Cross, testified that the land where the liquor was found belonged to his wife. He was not asked and did not state whether appellant's use of the place was with the consent of himself or his wife or not; however, in my opinion that was immaterial because the evidence showed beyond any doubt that the place was a part of the premises where appellant carried on his illegal business.

The question is whether or not under Section 23 of our Constitution and statutes the state had the right to search the premises where the illegal business was being carried on in whole or in part without a search warrant, where the defendant has neither the title to the property nor right of possession as against the true owner. Clearly it seems to me that question ought to be answered in the

negative. The contrary view means that in many cases there would be involved the trial as to the true ownership of the property. In other words, if the defendant is neither the true owner of the property nor has the right of possession from the true owner and is nevertheless carrying on his illicit business on it, the state has a right to search the place without a search warrant. The state is not concerned with the title to the property; it is the unlawful business conducted on the property. Take this kind of a case, John Smith goes on a piece of land to which he has neither title nor right of possession; he establishes on it a distillery consisting of the necessary buildings and machinery costing many thousands of dollars; he conducts the illicit distilling business there for years. All the while the owner of the land is objecting to it and finally brings suit to put him off of the place. While the suit is pending the state has his premises searched without a search warrant. According to the majority opinion that could be legally done. Take the case in hand, suppose Mrs. Cross knew that appellant was using her land in whole or in part to carry on his business and objected to it and denied his right to do so, and ordered him off of the place, which order he refused to obey, and he knew Mrs. Cross was right in her contention, could the place be searched without a search warrant? I think clearly not. The state has nothing to do with the title to the property; it is the possession, whether lawful or unlawful, that concerns the state. To hold otherwise would mean that many cases of this character would result in largely a trial of the title to the property. The title to the property has nothing to do with the matter, it is the possession, whether rightfully or wrongfully.

I know of no decisions of our court directly in point on this question; if there are, however, they ought to be overruled.