CAMPBELL *v.* STATE.

(Division A. March 8, 1943.)

[12 So. (2d) 151. No. 35221.]

S. C. Mims, Jr., of Grenada, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was convicted in the court of a justice of the peace on an affidavit charging him with driving a motor vehicle on a highway "while under the influence of intoxicating liquor," and was again convicted on appeal to the court below. According to the evidence for the state he was very drunk while driving the automobile, so much so that he was unable to drive the car in a straight line, but caused it to cross from one side of the middle of the highway to the other, and once at least from the right side to the left and onto the shoulder of the highway. When arrested he staggered so as to require assistance in walking from the car he was driving to that of the policeman who arrested him. According to his evidence he was not under the influence of intoxicating liquor at all; had drunk only a bottle of beer and that was with his supper four or five hours previous to the time he is charged with having driven his automobile while intoxicated.

He has three complaints:

1. Several of his witnesses testified that his reputation for sobriety was good. Two of these witnesses were asked by the district attorney on cross examination if they knew about the appellant's being convicted, "for public drunkenness last week in Judge McKibben's court." An objection to this question being overruled, they answered that they had heard of it. The conviction here referred to, if such there was, occurred some time after the day on which the appellant is here charged with driving an automobile while intoxicated, for which reason counsel for the appellant says, and the Assistant Attorney General admits, that evidence of it was incompetent under Wilkinson v. State, 143 Miss. 324, 108 So. 711, 46 A. L. R. 895, in which we concur.

2. A man by the name of Provine was a passenger in the automobile the appellant was driving at the time

he was charged with being intoxicated. Prior to the trial of the case in the court of the justice of the peace, the county attorney entered into the following written agreement with the appellant: "It is agreed by and between Hon. Marshall Perry, County Prosecuting Attorney for Grenada County, and S. C. Mims, attorney for the defendant in the above styled case pending before the Honorable M. McKibben, Justice of the Peace, wherein the defendant is charged with driving a motor vehicle while under the influence of intoxicating liquors, that the depositions of Louis F. Provine as follows may be introduced by the defendant in said trial or any other trial relative to and connected with said act; said Provine after being sworn deposing as follows: . . ."

The substance of the affidavit is that the appellant was not under the influence of intoxicating liquor at the time he was driving the automobile. Provine was admittedly sober at that time. The appellant offered to introduce this agreement with the accompanying affidavit in evidence, but on objection thereto was not permitted so to do. The district attorney's objection thereto was "that hasn't got anything to do with this, and we object to it." In sustaining the objection the trial court said: "I don't think that is competent at this trial." In attempting to sustain the exclusion of this evidence, the Assistant Attorney General says only, "I know of no authority, and appellant cites none, that would render this ex parte statement admissible."

The evidence set forth in this affidavit was material and admissible and it should not have been excluded unless the form in which it was offered was subject to objection. We are not here concerned with the authority vel non of a county attorney to bind the district attorney by agreements with a defendant as to procedure on the trial of a case in the circuit court, for the objections here made does not raise that question. The specific objection made by the district attorney seems to be, and manifestly was so

understood by the court below, that the agreement did not relate to the trial of the case in the circuit court. This we think was an error, for the language of the agreement is that the affidavit may be introduced "in said trial (referring to the trial in the court of the justice of the peace) or any other trial relative to and connected with said act." "Any other trial" includes, of course, a trial in any court.

3. The appellant was refused an instruction charging the jury that in order for it to convict him it "must believe beyond a reasonable doubt that he was under the influence of intoxicating liquors to the extent that he could not properly and legally drive a motor vehicle upon the public highways." It will not be necessary for us to decide whether a defendant charged with the crime here under consideration is entitled to an instruction to the jury defining the meaning of the words "under the influence of intoxicating liquor," or, if so, whether those words were properly defined in this instruction, for the reason that the degree of the appellant's intoxication was not here in issue. According to the evidence for the state, he was not only under the influence of intoxicating liquor, but was so much so that he could not walk without staggering. According to the appellant's evidence he was not intoxicated at all. That he had drunk a bottle of beer with his supper several hours before could have no bearing hereon, and it is highly improbable that any jury would say that he was under the influence thereof at the time he was driving this automobile if that were the only intoxicating liquor he had drunk. There being no necessity here for a definition of the words "under the influence of intoxicating liquor," no error was committed in refusing the instruction.

Reversed and remanded.