ELKINS *v.* STATE

No. 40243          November 26, 1956          90 So. 2d 662

*McFarland & McFarland,* Bay Springs, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

GILLESPIE, J.

Under an indictment charging that appellant "did then and there wilfully and unlawfully sell and retail intoxicating liquors, towit: Whiskey," the State proved that appellant gave the prosecuting witness a gallon of moonshine liquor and $1.50 cash in exchange for a car battery. Appellant contends that a barter is not a sale; that there was a fatal variance between the indictment and the proof; and that the peremptory charge should have been given. In Woodall v. State, 129 Miss. 854, 93 So. 366, the accused gave the prosecuting witness a pint of whiskey and $1.00 in cash in exchange for a hog, and this Court held that the statute recognizes the difference between a sale and a barter, and that an indictment charging a sale is not sustained by proof of a barter. The peremptory instruction should have been given and appellant ordered into the custody of the proper officer to be held pending action of the grand jury on the proper charge. Miss. Code of 1942, Sec. 2433; O'Neal v. State, 166 Miss. 538, 146 So. 634.

Appellant complains that the whiskey introduced in evidence was obtained by an illegal search. After the prosecuting witness obtained the whiskey in the manner just stated, and while driving along the highway with two other prosecuting witnesses, the three of them were arrested, the car searched without a warrant, and the whiskey was found by the arresting officer. The car searched was not appellant's, and he did not have it in his possession, nor was he anywhere near the place where the search was made. Under these circumstances, ap-

pellant may not be heard to complain that the search was illegal. Miss. Digest, Searches and Seizures, Key No. 7(26). We find it unnecessary to decide whether the officer who conducted the search had sufficient probable cause to make the search of the car.

The judgment is reversed and appellant held under his appearance bond pending further action of the grand jury.

Reversed and appellant held.

*Roberds, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.