WALKER *v.* STATE.

No. 41294          October 26, 1959          115 So. 2d 159

*H. C. Stringer,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was convicted of possessing a whiskey still.

Walter Walker, appellant's father, owned two contiguous forty acres of land in Newton County. The sheriff obtained a search warrant describing the eighty acres of land and directing the sheriff to search the said property, and designated Walter Walker as the person believed to be the guilty party. The officers went on the land before daylight and saw appellant working about the still but did not then apprehend him because he fled. The search warrant was thereafter served on Walter Walker and appellant was subsequently arrested. Walter Walker was not charged.

The only question of sufficient importance to justify discussion is the legality of the search. Appellant says the search warrant was void for reasons not necessary to state. The land where the still was found was owned by Walter Walker, appellant's father. Appellant also lived on the land. The still was found a quarter of a mile or more from appellant's house. Appellant denied any ownership of the land where the still was found, and he said he did not know whether it was on his father's land. It is not shown by what right he occupied the house where he lived. There is a suggestion in the record that appellant cultivated some of this land, but whether as tenant, sharecropper, or as a laborer, is not shown. There is no evidence in the record to show

that appellant owned, leased, or had the right of possession or control of the land where the search was made and the still was found.

It is a settled rule in this State that an accused may not object to the introduction of evidence on the grounds that the search was without warrant or that the warrant was invalid, unless it is shown that the defendant was in possession or had the right of possession or control of the premises searched. Kalkner v. State, 134 Miss. 253, 98 So. 691; Lee v. City of Oxford, 134 Miss. 647, 99 So. 509; Ross v. State, 140 Miss. 367, 105 So. 846; Pickett v. State, 155 Miss. 386, 124 So. 364; Cofer v. State, 158 Miss. 493, 130 So. 511; McLemore v. State, 178 Miss. 525, 172 So. 139.

There is no other question deserving of comment. The evidence fully justified the jury in finding that the two officers saw appellant actively engaged in making whiskey with the still.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.