CRAFT *v.* STATE

No. 43640 December 17, 1965 181 So. 2d 140

414

*Mounger & Mounger,* Tylertown; *Dudley W. Conner,* Hattiesburg, for appellant.

*R. Hugo Newcomb, Sr.,* Asst. Atty. Gen., Jackson, for appellee.

RODGERS, J.

We have reached the conclusion that this case must be reversed and remanded for the reasons hereinafter set forth. Since the case must be retried and the facts are not appropriate for the printed page, we refrain from reiterating the evidence shown in the record except insofar as it is necessary to do so in order to clearly present the ruling of the Court.

I

We hold that the introduction of the State's Exhibit Number One, with reference to a photograph of an obscene writing shown on the wall of the room here involved, should not have been introduced for the reason that the obscenity is not shown to have been connected with the facts, nor to have been a part of the crime alleged in the instant case. This photograph was condemned in a companion case. Hinton O. Butler v. State, 253 Miss. 760, 179 So. 2d 184.

II

The appellant argues that the activity of the State's only eye-witness, the police officer, was a violation of his constitutional right of privacy, and therefore the officer's testimony should have been excluded on the ground that it was an unlawful search.

The officer testified that he went into the basement of the Forrest Hotel without permission of the hotel owners, looked through the grill of a ventilator into another room where he observed the appellant commit the crime here charged; and he immediately went into the room where appellant was located and arrested him for the felony alleged here to have been committed in

the presence of the officer. The gist of appellant's argument is to the effect that the police officer was trespassing upon the property of the Forrest Hotel at the time he looked through the ventilator and is said to have seen the alleged crime committed. Moreover, appellant argues he had paid ten cents to use the facilities of the hotel, and had thus purchased the right to be private.

Appellant cites Martin v. State, 190 Miss. 898, 2 So. 2d 143 (1941), wherein the evidence shows that a policeman entered a restaurant where he thought beer was being sold. He proceeded toward the back of the restaurant but was advised by the wife of the defendant that customers were not permitted in the back room. The officer then went to a vantage point on a platform of a wash rack in a nearby filling station, where he could see persons drinking something from cans which he believed to be beer. He was unable to see or hear a sale being made. He then moved to another vantage point upon the back porch of the restaurant where he was able to observe a sale of beer, where he could see and hear the persons engaged in the sale. The testimony was rejected by this Court upon the ground that the officer was trespassing upon the porch of the restaurant at the time he obtained the evidence and therefore it was unlawfully obtained and should have been excluded. The case was reversed. *Martin* is therefore not applicable to the facts here shown, because, in that case the officer was trespassing upon the property of defendant and was thus committing an illegal search. In the instant case now before the Court, the officer was not trespassing upon property owned or controlled by defendant; therefore, an illegal search of the basement of the Forrest Hotel did not violate any constitutional right of defendant, appellant here. Lovern v. State, 140 Miss. 635, 105 So. 759 (1925).

██ █ Persons who are not owners or in control of the premises searched by the officer alleged to be tres-

passing cannot complain of the evidence obtained against them by an illegal search since the defendant's constitutional rights were not violated by the officer. This rule is so well established in Mississippi, we hesitate to cite authorities, but in view of the fact that an adverse contention continuously comes up again and again upon appeal, we list the following cases: Slyter v. State, 246 Miss. 402, 149 So. 2d 489 (1963); Jones v. State, 230 Miss. 887, 94 So. 2d 234 (1957); Elkins v. State, 229 Miss. 323, 90 So. 2d 662 (1956); Rose v. State, 222 Miss. 699, 76 So. 2d 835 (1955); McBride v. State, 221 Miss. 508, 73 So. 2d 154 (1954); Harris v. State, 216 Miss. 895, 63 So. 2d 396 (1953); Miles v. State, 51 So. 2d 214 (Miss. 1951); Smith v. State, 198 Miss. 788, 24 So. 2d 85 (1945); Brown v. State, 192 Miss. 314 (1941), 5 So. 2d 426 (1942); McLemore v. State, 178 Miss. 525, 172 So. 139 (1937); Polk v. State, 167 Miss. 506, 142 So. 480 (1932); Cofer v. State, 158 Miss. 493, 130 So. 511 (1930); Pickett v. State, 155 Miss. 386, 124 So. 364 (1929); Roberts v. State, 153 Miss. 622, 121 So. 279 (1929); Ross v. State, 140 Miss. 367, 105 So. 846 (1925); Lucas v. City of Oxford, 134 Miss. 771, 99 So. 510 (1924); Lee v. City of Oxford, 134 Miss. 647, 99 So. 509 (1924). See also 79 C. J. S. *Searches and Seizures* § 52 (1952).

We do not agree with the contention of appellant that because he paid a toll to use a public toilet, he rented the entire toilet, and if the payment of a toll constituted such a rental the right of possession would not constitute a license to commit a crime unobserved.

The mere fact that the officer in the present case looked through the ventilator into a room where the crime is alleged to have been committed was not an unlawful search because the obtaining of information by means of the eye — where no trespass is committed, in order to look — does not constitute an unlawful search. Bone v. State, 207 Miss. 868, 43 So. 2d 571 (1949); Goodman v. State, 158 Miss. 269, 130 So. 285 (1930).

We hold, therefore, that the contention of appellant to the effect that the testimony of the police officer constituted an unlawful search is not well-taken, because no trespass was made upon the property of appellant and the officer's testimony will be admissible in evidence on retrial.

### III

 █ Appellant contends, in defense of the charge in the indictment, that the officer was mistaken in his identification of appellant, as being the person seen committing the alleged crime. Appellant offered many good citizens — ministers, doctors, a banker, public officers and other prominent persons — who testified unequivocally that appellant bore a reputation of good character in the community where he resided. On cross-examination of these witnesses, the district attorney was permitted to ask each of the witnesses in detail about the crime for which appellant was then being tried, and whether or not they would have a different opinion if they were reliably informed of his guilt of the crime for which he was then being tried. Appellant objected in most instances to this method of interrogation, but the witnesses were required to answer. This was a reversible error.

The textwriter of 71 A. L. R. at page 1535 (1931) under Note 6 annotates authorities concerning cross-examination of character witnesses with reference to the offense for which the defendant is being tried and has this to say:

"It has been held to be error to permit the cross-examination of the defendant's character witness as to whether he has heard that the defendant committed the act for which he is on trial, since such cross-examination must be confined to acts antecedent to the commission of the offense for which the defendant is on trial (see Subd. II. d, 5, supra). Carney v. State

(1928) 109 Tex. Crim. Rep. 624, 6 S. W. (2d) 369. And see State v. Rowell (1915) 172 Iowa 208, 154 N. W. 488 supra II. d, 5; Woodward v. State (1926) 105 Tex. Crim. Rep. 556, 289 S. W. 407, supra, II. d, 5.''

See also Annot. 47 A. L. R. 2d 1303 (1956).

This Court held in Campbell v. State, 194 Miss. 360, 12 So. 2d 151 (1943), that to allow the district attorney to cross-examine character witnesses as to events occurring subsequent to the date of the alleged crime was error. Magee v. State, 198 Miss. 642, 22 So. 2d 245 (1945); Wilkinson v. State, 143 Miss. 324, 108 So. 711 (1926), Annot. 46 A. L. R. 895 (1927).

 █ It is obviously unfair to try a defendant upon one charge, and at the same time attempt to show his guilt of other alleged crimes not related to the charge, by way of cross-examination. We have adopted the universal rule above set out prohibiting the cross-examination of character witnesses so as to show other crimes alleged to have been committed subsequent to the date of the crime for which the defendant is being tried. We are therefore of the opinion that the foregoing cross-examination in the present case was erroneous.

## IV

We are of the opinion that the facts here shown presented a question for the jury, and that the motion for a directed verdict of not guilty was properly overruled by the trial court.

 █ Inasmuch as this case must be retried, and in order to prevent a reoccurrence of an obvious error, we point out that the testimony to the effect that the codefendant, or a person who is alleged to have been a joint actor, committed suicide after the arrest shown in the instant case, is prejudicial to the defendant and should not be shown in the evidence upon a new trial.

The judgment of the trial court is reversed and appellant is granted a new trial in accordance with the foregoing opinion.

Reversed and remanded.

*Ethridge, P. J., and Brady, Jones and Smith, JJ.,* concur.