290 So.2d 616 (1974)
Gerald W. WHITE
v.
STATE of Mississippi.
No. 47708.
Supreme Court of Mississippi.
February 18, 1974.
*617 Zuccaro, Riley, Pintard & Brown, Natchez, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
From his conviction of the crime of grand larceny in the Circuit Court of Adams County, Mississippi, Gerald White appeals. The sentence meted out to him at the trial level was a one year term in the Mississippi State Penitentiary, which was suspended. He was placed on probation for a three year period. We reverse.
Mrs. Mary Knox Whitehead was away from her residence on June 16, 1972, from about 8:30 a.m. until about 4:30 or 5:00 p.m. When she returned, several guns had been taken by someone who entered her residence without permission.
It is undisputed that the appellant on the date the goods were stolen had them in his possession and sold them to Mr. McPhail just across the river in Louisiana for $300. McPhail testified that appellant related that the guns were received by appellant in a trade on his house in Adams *618 County. The price of $300 was a fair price according to McPhail, who also stated on cross-examination that appellant had a good reputation for honesty in the community. No one stated that appellant was seen at the scene of the larceny.

I.
It is argued on behalf of the appellant that the action of the district attorney in asking witnesses about other indictments against the appellant, which indictments apparently were made subsequent to the date of the offense for which he was on trial, constituted reversible error. John McPhail, who purchased the guns from White, was the state's second witness. The following dialogue occurred after McPhail had on cross-examination by defense counsel stated that appellant's general reputation for honesty and integrity was good:
BY MR. BENOIST:
(On re-direct examination)
Q: Now with respect to that last answer, are you familiar with the fact that the defendant has been indicted three separate times for grand larceny?
A: No, sir.
Q: You don't know that?
A: Not until this.
BY MR. RILEY:
Your Honor, we object to that. That's highly prejudicial, the way it was phrased, it is not bringing out the true facts and going into extraneous matters and we object to it.
BY THE COURT:
I'll overrule the objection in view of what has been testified to.
This was clearly error here because the rule in this jurisdiction does not allow the state to cross-examine a character witness as to any misconduct alleged to have been committed by the accused subsequent to the date of the crime for which the accused is being tried. Craft v. State, 254 Miss. 413, 181 So.2d 140 (1965); Magee v. State, 198 Miss. 642, 22 So.2d 245 (1945); Wilkinson v. State, 143 Miss. 324, 108 So. 711 (1926). Craft, Magee and Wilkinson, supra, indicate that, under appropriate circumstances, character witnesses may be cross-examined to test their good faith and credibility by asking about reports or rumors of particular acts imputed to the defendant, provided it is clear that such acts occurred before the date of offense for which he is on trial. The details of such prior acts cannot be shown. No case has been cited showing that this Court ever permitted such cross-examination of character witnesses as to other "indictments." We are not called upon to decide that question here because, as best we can glean from the record, the "indictments" were subsequent to the date of White's alleged larceny and would have been error even if just a report or rumor.
Testimony of an "indictment" against an accused carries with it a connotation of more than just what was "heard" about accused  it has the stamp and extra persuasive impact of official grand jury action. Apparently some jurisdictions permit cross-examination of character witnesses as to defendant's having been indicted on another similar charge if proof is made that there was such an indictment in fact. There was no such proof in the case at bar either out of or in the presence of the jury. 98 C.J.S. Witnesses § 387 at 159 (1957). Of course, where rumor or report of misdeeds is the subject of the cross-examination of a character witness the prosecution is not required nor permitted to prove the truth of the asserted misdeed. See 58 Am.Jur. Witnesses §§ 657-661 at 362-64 (1948).
Another state witness, Tobias, testified about an automobile he sold appellant, and after stating on cross-examination that appellant's *619 reputation for honesty and integrity was good, he was asked:
Are you aware that he is under indictment for three separate charges of grand larceny?
Objection to this was sustained by the court and the jury instructed to ignore it.
When one Credle appeared as a character witness for appellant, he was asked and objection was made to the following question:
Well, let me ask you this, Mr. Credle (defendant's first character witness) do you know that this man refused to testify in a case up here in court 
The objection was sustained and the jury was instructed to ignore it.
The Mayor of Natchez, Honorable Tony Byrne, testified as to the good character reputation of appellant. On cross-examination by the district attorney the following was asked of the mayor:
Your Honor, let me ask you this, regardless of what you have heard about the defendant in the past, if he was proven guilty of having committed a crime do you think he should be convicted?
Objection was made and sustained.
Similar questions were asked of other character witnesses to which objections were properly sustained. These questions all considered together most likely prejudiced appellant substantially and require that he be given a new trial. The first such question related to other indictments and, upon the particular circumstances of this record consisting in the main of circumstantial evidence, put the appellant in a most unfavorable light with the jurors. Nothing that subsequently occurred, including sustaining of some of the objections of defense counsel, during the trial could have rectified the damage which was then accentuated by later improper questions.

II.
On the afternoon of June 24, 1972, Sheriff Ferrell "sent" for appellant to come to the sheriff's office to discuss some stolen property. At the ensuing interrogation at the sheriff's office, the only people present were appellant himself, the sheriff, and three deputies. The sheriff advised the appellant of his rights. Before appellant admitted that he had received the guns in question on a trade with one Smith, he was given a written waiver form to sign specifically waiving his rights. At that time he was told by the sheriff that the only thing he was waiving by signing the waiver was "his right to have counsel present during the questioning, but he could stop the questioning at any time he saw fit." Upon being told this by the sheriff, the appellant made admissions that could have been construed as incriminating in the minds of the jurors. Counsel for appellant moved the court to exclude such testimony from the jury, asserting that the defendant had not been properly advised of his constitutional rights. The motion to exclude was overruled and the jury received the testimony.
When the sheriff said words indicating that appellant was waiving only his right to counsel, this in effect destroyed the broad advisory and rendered the statement inadmissible. On such a posture of the record, the motion to exclude should have been sustained for failure to comply with the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Miranda requires advising appellant of his constitutional rights. Since the issue is raised by the state in its brief, we rule that, upon the particular facts of this case, the interrogation of appellant was "custodial" in nature. In this regard, we point out that according to the sheriff he "sent" for appellant to come to his office. The interrogation took place *620 there where no one was present except deputies or law officers. Before being allowed to leave, appellant was told to consider himself under arrest.
For the foregoing reasons, the case is reversed and remanded.
Reversed and remanded.
GILLESPIE, C.J., and SMITH, ROBERTSON and WALKER, JJ., concur.