BUTLER *v.* STATE

No. 43619          October 25, 1965          179 So. 2d 184

*Robert A. Walker, R. M. Sullivan,* Hattiesburg, for appellant.

762

*R. Hugo Newcomb, Sr.*, Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Defendant appeals from a judgment of conviction of unnatural intercourse in violation of Mississippi Code Annotated section 2413 (1956).

The questions involved on this appeal are whether the trial court erred (1) in denying defendant's motion for continuance, (2) in refusing to admit certain photographs offered in evidence by defendant, and (3) in admitting a photograph in evidence over the objection of defendant.

■■ ■ Defendant was arrested on November 11, 1964, and indicted on November 16, 1964. He had no money or property and on November 17, 1964, the court appointed counsel to represent him. Defendant was jointly indicted with one Wood and at the time of arraignment no severance was granted. Upon arraignment, the case was set for the next day, November 18, and a motion for continuance was made and heard. The case was then set over until the next day, November 19, and was tried on that date, on which latter date the motion for continuance was renewed. We are of the opinion that defendant should have been granted the continuance to enable him to prepare for trial and have an opportunity to arrange for his witnesses to attend the trial. This error will not recur, therefore only brief reference will be made to the circumstances.

Defendant is a resident of Tampa, Florida, where he had lived prior to coming to Hattiesburg a few weeks before he was indicted. His counsel learned by telephone that about five people were willing to testify that defendant had a good reputation for peace and violence and for sexual morality in the community where he had lived, but that the prospective witnesses would have to make various arrangements before coming and could not come in time for trial at the time set. It was shown that defendant's counsel had not had an opportunity to confer with Wood, the co-indictee, who was in a Jackson hospital. It was also shown that the State had only one eye witness to the alleged crime, which was alleged to have been committed in a hotel rest room, and that this eye witness had testified on September 17, 1964, in two similar cases involving the same rest room and before the same jury panel before whom defendant would be tried.

We are of the opinion that the failure to grant the continuance was error. Defendant's counsel did not have a reasonable time to investigate and prepare for trial or a reasonable opportunity to secure the witnesses from Florida. These witnesses may or may not have come, but defendant should have had a reasonable opportunity to secure them if he could.

■■ ■ Defendant assigns as error the refusal of the trial court to admit in evidence certain photographs of the premises where the crime is alleged to have been committed. This involves six pictures, three of which should have been admitted. The court correctly refused to admit photographs identified as Numbers 2, 4 and 5, which are not clear and would tend to confuse the matter. ■■ ■ The yard stick shown in exhibits 1, 3 and 6 reflected the size of the stalls and this evidence was pertinent in weighing the testimony offered by the State.

■■ ■ The defendant complains of the admission in evidence over defendant's objection of a photograph re-

vealing an obscene statement on the wall of the rest room where the offense is alleged to have been committed. The State does not contend that defendant had anything to do with writing this statement or that he knew the statement was on the wall. These obscene words related to the crime for which defendant was indicted, and the admission of this photograph could not have served any purpose except to prejudice the defendant in the eyes of the jury.

The other assignments of error have no merit. The conviction is reversed and the case remanded for a new trial.

Reversed and remanded.

*Ethridge, P. J., and Rodgers, Jones and Smith, JJ.,* concur.