ROY NOBLE LEE, Presiding Justice,
for the Court:
Clyde Weeks was found guilty in the Circuit Court of Lee County, Mississippi, on an indictment charging him with making an obscene telephone call [Mississippi Code Annotated § 97-29-45 (1972)] and was sentenced to two (2) years in the custody of the Mississippi Department of Corrections. He has appealed to this Court and assigns two errors in the trial below.
I.
THE LOWER COURT ERRED IN OVERRULING THE MOTION OF APPELLANT FOR A DIRECTED VERDICT AND MOTION FOR A NEW TRIAL.
During the month of November, 1982, Mrs. Nancy White received forty-four (44) obscene or harassing telephone calls from an unidentified individual. Finally, she complained to the Annoyance Center, South Central Bell Telephone Company in Jackson, Mississippi. A trapping device was installed on Mrs. White’s telephone, which permits the party called to maintain an open connection between herself and the calling party, provided that the called party does not hang up her telephone. An open line is maintained to the calling party, which permits the telephone company to trace the call and determine the number from which the call was made.
Between December 22, and the morning of December 23, 1982, she received eleven (11) annoyance or obscene calls. At 9:16 a.m. on December 24, Mrs. White received a call in which the caller asked why she had not returned a previous call. Mrs. White told the caller not to call anymore or she would contact the police department. The caller then made an obscene statement to her, whereupon she hung up the telephone and called the Annoyance Center. The trapping device was activated.
At approximately 10:30 p.m., Mrs. White was called again and the caller identified himself as the person who called that morning and gave his name as Clyde. He asked why she “didn’t call Clyde back” and told her to “call Clyde at 566-2042.” She did not respond and the caller made an obscene statement to her and hung up his telephone. Mrs. White did not hang up her telephone and, thus, the trap was sprung and the line to the caller’s telephone remained open.
Mrs. White telephoned the police, who contacted South Central Bell Telephone Company and traced the call to 566-2042, a number registered in the name of Kirk Keith, 187 Johnson Street, Verona, Mississippi. The officers went to the Keith residence and found in the house Earline Keith,[1] Margaret Bunkman, a cook or maid, and the appellant, Clyde Weeks. The officers picked up the Keith telephone and talked through the unbroken trapped line to another officer, who went to Mrs. Nancy *336 White’s home for that purpose. The officers at the Keith residence, thereupon, arrested appellant with a warrant issued upon the affidavit of Mrs. White.
Mrs. White lived at 203 Johnson Street, Verona, Mississippi, and the appellant lived in the Keith home at 187 Johnson Street, which address was three doors down the street from Mrs. White on the same side. She had seen him four or five times and talked with him. Mrs. White testified that she knew appellant’s voice and she positively identified his voice as being the one that she heard on December 23, 1982, and as having made the obscene statements.
Mrs. Keith testified that she did not extend telephone privileges to appellant and that he did not use the telephone on the night of December 23. Mrs. Bunkman also testified that appellant did not make a telephone call on that night and that she was in his presence during the entire evening. According to Mrs. Keith, appellant rents a room and lives in her home. Appellant did not testify in his own behalf.
The evidence introduced on behalf of the State is overwhelming on the appellant’s guilt. Certainly there was an issue for the jury as to appellant’s • guilt and the jury verdict is supported by the evidence. Groseclose v. State, 440 So.2d 297 (Miss.1983); Bayse v. State 420 So.2d 1050 (Miss.1982); Warn v. State, 349 So.2d 1055 (Miss.1977).
II.
THE LOWER COURT ERRED IN OVERRULING THE MOTION OF APPELLANT TO PREVENT THE INTRODUCTION OF OTHER TELEPHONE CALLS NOT LISTED IN THE INDICTMENT.
Appellant contends Mrs. White testified that she received eleven or twelve calls on the day and night prior to the December 23 calls; that she testified to receiving a call on the morning of December 23 and related what was said during that telephone call; and that the call made at 10:30 p.m. on December 23 was the one for which appellant was prosecuted. He argues that the calls other than the 10:30 p.m. call were separate and distinct crimes and were prejudicial to him.
The fact that the calls were made previous to the 9:30 a.m. December 23 call was proper evidence for the purpose of indicating why the trapping device was placed on Mrs. White’s telephone. The evidence of those calls were only to the fact that the calls were made. In the 10:30 p.m. call, the caller referred to the 9:30 a.m. call, identified himself as the caller in that call where he identified himself as Clyde and gave his telephone number as 566-2042. At 10:30 p.m., the caller identified himself by saying “Why don’t you call Clyde back? Call Clyde at 566-2042.”
Appellant cites and quotes Younger v. State, 301 So.2d 300 (Miss.1974), but he can receive no comfort there. The Court said:
It is the general rule in this state that proof of other crimes, separate and distinct from the one charged, are not admissible except to show identity, guilty knowledge, intent or motive or where the offense charged is so interwoven with other offenses, that it cannot be separated. May v. State, 205 Miss. 295, 38 So.2d 726 (1949).
We are of the opinion that the testimony of Mrs. Thrash that she had received other obscene calls was admissible to explain why a holding device was placed on her telephone by the telephone company. However, it was error for the trial court to allow Mrs. Thrash to testify on redirect examination over the objection of appellant that the voice of the person making the previous calls was the same as the one who made the call on September 22, 1973. However, under the facts and circumstances of this case, the error was harmless beyond a reasonable doubt. The evidence in this case relative to the guilt of the accused is such that no other verdict than that reached by the jury could be expected. Miss. Supreme Court Rule 11 (1967).
301 So.2d at 305.
The two calls on December 23 are interrelated. Also, the morning call was ad *337 missible for proving identity, guilty knowledge, intent and motive. We are of the opinion that there is no merit in Assignment II.
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.

. Earline Keith owned the home. Kirk Keith was her deceased son.