518 So.2d 669 (1988)
Ronald WOODRUFF,
v.
STATE of Mississippi.
No. 57085.
Supreme Court of Mississippi.
January 13, 1988.
John C. Webb, Howard Bass, Greenville, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ZUCCARO, JJ.
HAWKINS, Presiding Justice, for the Court:
Ronald Woodruff (Woodruff) has appealed from his conviction in the circuit court of Washington County of the crime of felonious sexual penetration of the body of "John Doe" (John) and sentence to 20 years' imprisonment. The assigned errors we address are the admission into evidence over Woodruff's objection of a previous sexual assault by him upon John, and exclusion from the jury of evidence that John had been previously sexually molested while living in Virginia. We find no error, and affirm.

FACTS
Woodruff was indicted by the Washington County grand jury on September 13, 1985, for feloniously penetrating the body of John Doe by insertion of his penis in John's mouth and in his anus. The crime occurred on March 23, 1985, when Woodruff was 20 and John was twelve years of age, and was in violation of Chapter 429, Laws 1983, amended Chapter 389, Laws 1985, Miss. Code Ann. § 97-3-95, et seq. (Supp. 1987). John and Woodruff are both black.
John was born August 29, 1972. He moved from the state of Virginia to live with his father in Greenville in July, 1984. His father, Stewart Lee Hinton, Jr., was living with Donna Powell. Also living with this couple were John's sister and Powell's two daughters. Hinton and Powell were both employed. John stayed in the home of Mrs. Lottie Brown, a neighbor whom he called his "grandmother," when Stewart and Donna were working.
The record does not reveal what grade John was in March 23, but on the trial date, November 14, 1985, he was in the fourth grade in school.
In March, 1985, John was a member of a Boy Scout troop with approximately 22 members. Reverend Charles L. Johnson was the scoutmaster and Woodruff was an assistant scoutmaster. Although his worldly credentials might be deemed somewhat dubious, Woodruff also considered himself an ordained minister of the gospel. He was a high school graduate.
The offense took place in Woodruff's home on Saturday afternoon. It is unnecessary to detail that afternoon's events, the record in this case revealing a clear jury issue on the question of Woodruff's guilt. There was ample proof from which the jury could find that Woodruff put his penis in John's mouth and engaged in oral sex, and also inserted his penis anally into John.
After they picked John up at Woodruff's home on Saturday night, Stewart and Donna *671 took him first to the police station, and then, at the direction of a police officer, on to the emergency room at the hospital. A nurse swabbed his throat and rectum and slide specimens obtained. Lawrence James Adams, M.D., a local pathologist, examined the slides and testified to finding a few sperm on each.
Also offered into evidence was proof that on the previous weekend the Boy Scout troop had gone on a camping trip out from Leland. John did not stay in the tents with the other boys. Instead, he spent the night in a van with Woodruff. Over Woodruff's objection John was permitted to testify that the same type of oral and sexual battery was committed in the van as later took place in Woodruff's home.
During trial, outside the presence of the jury, defense counsel made the following profert:
BY MR. BASS:
Your Honor, I would like to offer that I have spoken with the victim, and he told me that previously while living in Virginia that a male babysitter forced him to have rectal sex with him and he told his mother about it and she did nothing for several reasons. It would provide the witness with enough knowledge of this type of activities so that he could falsely accuse someone. It goes to credibility. Furthermore, it goes to the issue of consent. This child may be indeed a homosexual who consents to activities such as these and the sexual battery statute, unlike rape, does not fall within the rape shield laws of this State. As far as sexual activity of a complaining witness 
BY THE COURT:
You have made your record, Counsel, and this Court is going to rule that prior sexual activity of a 12-year-old child in another state is entirely beyond the pale of this litigation.
(R. 79)

LAW
Woodruff complains first that reversible error was committed by the circuit court in admitting into evidence over his objection proof of a sex assault on John the weekend previous to March 23, 1985. To support his contention he cites the general rule in this State that in criminal trials, with certain exceptions, proof of other criminal conduct by the accused is inadmissible. Tobias v. State, 472 So.2d 398 (Miss. 1985); Donald v. State, 472 So.2d 370 (Miss. 1985); Massey v. State, 393 So.2d 472 (Miss. 1981); Mills v. State, 304 So.2d 651 (Miss. 1974). For Woodruff, unfortunately, there is a clear line of cases authorizing a circuit court in the prosecution of a sexual offense to permit evidence of past sexual crimes of the accused. Beginning with Brooks v. State, 242 So.2d 865 (Miss. 1971), this Court in a rape case held that proof of a prior sexual offenses between the defendant and prosecuting witness was admissible in this type of case. In doing so, we adopted the general rule of other states permitting evidence of past sex crimes and sexual offenses. 77 A.L.R.2nd 841 (1961). That authority, at 883, cites cases from other jurisdictions permitting previous sodomization of the victim by the accused to be offered into evidence by the trial court.
In Davis v. State, 367 So.2d 445 (Miss. 1979), we held that it was not error, where the accused was charged with sodomy upon an 11-year-old female, to permit the victim to testify that the accused had subjected her to the same thing previously.
In Speagle v. State, 390 So.2d 990 (Miss. 1980), an incest case, we held that evidence of prior incestuous conduct with the victim was admissible, and in Hicks v. State, 441 So.2d 1359 (Miss. 1983), we held that proof of prior sexual acts were admissible in a criminal charge of sexual battery of a father upon his twelve-year-old daughter. That crime was under the same statute as this case.
We likewise hold that it was not error to permit testimony of the previous sexual offense in this case. See also: State v. Carver, 37 Wash. App. 122, 678 P.2d 842 (1984).

EXCLUSION OF PROOF OF SEXUAL ASSAULT BY ANOTHER
Woodruff also argues that he was entitled to question John before the jury concerning *672 John's statement to defense counsel that when he lived in Virginia he had been sexually assaulted by a male baby sitter. He argues this is especially true in this case because the State was permitted to offer testimony by John of Woodruff's previous sexual assault upon him.
Defense counsel argued relevancy before the circuit judge to establish knowledge of this kind of abnormal behavior on John's part enabling him to falsely accuse Woodruff; and also, it went to the issue of consent. It should be noted that the age of consent under the statute in effect in March, 1985, Chapter 429, Laws of 1983, was twelve years, while the age of consent under the present statute is fourteen years. Chapter 389, Laws of 1985, Miss. Code Ann. § 97-3-95 (Supp. 1987).
The bases for Woodruff's argument of relevancy are tenuous at the very best. His circuit court claim of relevancy as bearing upon whether John "consented" has dissipated. John testified that he was forced to do what he did, which was never denied by Woodruff. Woodruff denied doing anything to John. There is, of course, the natural tendency of a jury hearing a child of tender years graphically relate a sexual battery to believe it must be true, otherwise the little child would never have known about it. We do not hold that instances of the previous molestation of a child victim by another person other than the accused can never be relevant. Each case is different, and relevancy must be determined by the trial judge. Such relevancy is not apparent in this case.
In State v. Howard, 121 N.H. 53, 426 A.2d 457 (1981), cited by Woodruff, the Supreme Court of New Hampshire had occasion to examine whether that state's rape shield statute precluded a twelve-year-old female from being questioned about her prior sexual conduct. This state also has in effect a rape shield statute. Miss. Code Ann. § 97-3-68,  70 (Supp. 1977). The New Hampshire Supreme Court held that despite the New Hampshire statute, evidence of the victim's past sexual behavior was relevant and a proper consideration by the jury. In that case, however, the child had a tragic history of having engaged in many kinds of abnormal sexual behavior. The court noted she had lived in a "decadent sexual environment," so "abnormal" as to "raise questions as to whether she places any value on the telling of the truth, or other values one would normally expect of a twelve-year-old child when placed in the impressive surroundings of a courtroom." The court further noted that admissions of prior sexual molestation by another was not "ordinarily admissible." It was only "upon a showing of particular relevancy by the defendant" that the evidence might be proper. 426 A.2d at 462. In this case we have but one isolated sexual abuse instance prior to Woodruff's assault, told by John to the defense counsel.
State v. Carver, 37 Wash. App. 122, 678 P.2d 842 (1984), involved exclusion by the trial court of prior sexual abuse by the grandfather of two little girl victims. The accused was their stepfather. The Washington court held this evidence relevant, and that state's rape shield statute inapplicable, because it was not evidence of misconduct but abuse, and there was no way such evidence could prejudice the state's case. The court held "its exclusion unfairly curtailed defendant's ability to present a logical explanation for the victims' testimony." 678 P.2d at 844. Unfortunately, the Washington decision fails to state the little girls' ages, but suggests they were quite young. Also, in that case one of the victims had told investigating authorities that she had been abused by her grandfather and nobody else. The facts of People v. Mikula, 84 Mich. App. 108, 269 N.W.2d 195 (1978), cited by Woodruff are distinguishable from this case.
In Chastain v. State, 180 Ga. App. 312, 349 S.E.2d 6 (1986), affirmed 257 Ga. 54, 354 S.E.2d 421 (1987), a father was charged with sodomizing his eleven-year-old daughter. His counsel sought to cross-examine her about sleeping in bed with her uncle when she was five and seven years old, the defense argued that the child could believe that being in bed with a man, or his putting his arm around her was molestation. Both Georgia appellate courts held this evidence *673 was not relevant, and that her past experience had nothing to do with the facts of Chastain's offense. The Georgia Supreme Court further held that it was only where consent was an issue that other acts of the victim might be considered material.
In State v. McDonough 9 Conn. App. 631, 521 A.2d 160 (1987), the accused sought to cross-examine the rape victim about a prior complaint she had made against another person, leading to the person's arrest and being put on probation. The Connecticut appellate court held that the only relevancy of the prior assault was the victim's bad luck to be a victim twice, but it had nothing to do with her credibility.
The question of relevancy appearing in situations as varied as the human experience, its answer must remain in each case discretionary with the trial judge. Roan v. Smith, 272 Ala. 538, 133 So.2d 224 (1961); Young v. Illinois C.G.R. Co., 618 F.2d 332 (5th Cir.1980); and cases cited 31a C.J.S. Evidence, § 158, footnotes 86 and 87. We cannot say the circuit judge abused his discretion sustaining the state's objection to cross-examining John about the sexual abuse incident in Virginia. Moreover, its exclusion caused no harm to Woodruff.
No other assignment of error merits discussion.
Finding no error, the judgment of the circuit court of Washington County is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER,
ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.