524 So.2d 576 (1988)
Frank LAMBERT
v.
STATE of Mississippi.
No. 57461.
Supreme Court of Mississippi.
April 27, 1988.
*577 C. Collier Carlton, Jr., Farese, Farese & Farese, Ashland, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and ZUCCARO, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Frank Lambert was indicted and tried on a charge of murder less than capital in the Circuit Court of Tishomingo County. The jury found him guilty as charged and the lower court sentenced Lambert to life in the custody of the Mississippi Department of Corrections. He has appealed to this Court and assigns eight (8) errors in the trial below.
On March 17, 1985, at approximately 8 p.m., Jefferson Davis Lambert (Jeff Lambert), the 76-year-old father of the appellant, Frank Lambert, was shot and killed in the home of appellant and his brother, D. Wayne Lambert, in Burnsville, Mississippi.
Evidence for the State reflected that on the afternoon of the homicide, about 5 p.m. until 6 p.m., a group of people were gathered in front of Wayne and Frank Lambert's home talking and drinking. Wayne was intoxicated and Millard Broadway helped him inside and into a bed. Broadway returned outside and saw Jeff Lambert lying on the ground bleeding from cuts on his forehead and temple. Obviously, appellant had struck Jeff Lambert with a wooden board. Shortly thereafter, the people left, and Broadway locked the front door to the Lambert house and went home. Broadway arrived home from the Lamberts about 6 p.m. and proceeded to take a nap until about 8 p.m. Appellant knocked at Broadway's door and stated: "I think I have killed Jeff ... they will send me off for sure this time." Broadway asked *578 Frank if he and Jeff had another fight and that appellant replied in the affirmative. Broadway went next door to appellant's house, and upon being let in by Wayne Lambert, he discovered Jeff Lambert's body in the foyer behind the front door and called for an ambulance.
Investigation by officers revealed that Jeff Lambert had died from buckshot wounds through the left arm and into the left chest. Donald Reno, Tishomingo County Deputy Sheriff, found one live .16-gauge shotgun shell at the scene lying beside the body of the victim, and he found the murder weapon, a .16-gauge single-barrel shotgun, in a bundle of clothing within a few feet of the couch upon which Wayne was lying and passed out. The next day, Police Chief Roger Hilburn found one spent .16-gauge shotgun shell on the ground in front of the Lambert home.
Appellant's defense was an alibi. Nettie Johnson, a neighbor and long-time friend of the Lambert family, was the sole witness produced for the defense. She testified that on March 17, at approximately 8 p.m., she and her son, Ricky Johnson, picked up Frank Lambert, standing in front of one Frankie Ozmond's place, and gave him a ride home.

I.

APPELLANT WAS DENIED DUE PROCESS OF LAW BY THE STATE'S FAILURE TO GRANT A PRELIMINARY HEARING.
Appellant argues that (1) he is constitutionally entitled to a preliminary hearing, (2) he never waived his right to a preliminary hearing, and (3) the State's action denied him a preliminary hearing.
The record reflects that on April 3 or 4, 1985, appellant was arrested on a homicide charge and that on April 5, 1985, he was released from custody after executing a $35,000 recognizance bond signed by him and two sureties. The bond was conditioned on his appearing before the Circuit Court of Tishomingo County on the 16th day of September, 1985, at 9:00 a.m. and there to remain from day to day to await the action of the grand jury on a charge of murder. Although presented with this matter, the grand jury did not return a true bill of indictment during the Summer 1985 Term and thereafter, counsel for appellant requested a preliminary hearing in the matter. A Justice Court Judge granted the preliminary hearing over the objection of the district attorney, and the State of Mississippi, feeling that it could not establish a prima facie case, nol prossed the case on the justice court level. The investigation of the case continued, and upon being presented to the grand jury again at the September 1985 Term, a true bill of indictment for murder was returned. Thereupon, appellant was arrested on a capias issued pursuant to that indictment.
The purpose of the preliminary hearing is to determine whether or not probable cause exists that the person accused has committed the crime, whether the accused is entitled to bond or should be required to execute bond to await the action of the grand jury. Beard v. State, 369 So.2d 769, 772-73 (Miss. 1979). In the present case, we are of the opinion that when appellant agreed to, and executed with sureties, a recognizance bond in the amount of $35,000, he effectively waived his right to a preliminary hearing. However, when he asked for such a hearing after the grand jury failed to indict him, and the district attorney dismissed the charges against him in the justice court, appellant was under no restraint and was not entitled to a preliminary hearing. There is no merit in this assignment.[1]

II.-III.

THE TRIAL COURT ERRED IN FAILING TO SUSTAIN THE DEMURRER TO THE INDICTMENT.

*579 THE TRIAL COURT ERRED IN FAILING TO SUSTAIN APPELLANT'S MOTION TO SEQUESTER THE JURY.
The pertinent part of the indictment, to which appellant's demurrer points, follows:
That Frank Lambert in said county and state on the 17th day of March, A.D., 1985, did wilfully, unlawfully, feloniously, and of his malice aforethought kill and murder Jefferson Davis Lambert, a human being; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
This Court has upheld literally hundreds of indictments in the exact form. There is no merit in the contention. Hines v. State, 472 So.2d 386, 390 (Miss. 1985); Harden v. State, 465 So.2d 321, 324 (Miss. 1985); Jones v. State, 461 So.2d 686, 693-94 (Miss. 1984).
On January 13, 1986, during a pretrial hearing appellant moved to have the jury sequestered for the trial. The case was to be tried the next week before a different circuit judge, and the pretrial judge suggested to the attorney that the matter be taken up the following week. The record does not indicate that the motion was ever renewed or that the trial judge was given an opportunity to rule on the motion. Therefore, error cannot be charged against the lower court. Furthermore, the trial judge may, in the exercise of sound judicial discretion, either grant or refuse the request to sequester the jury. Rule 5.07, Mississippi Uniform Rules of Circuit Court Practice; Barnes v. State, 374 So.2d 1308, 1309 (Miss. 1979).

IV.

THE TRIAL COURT ERRED IN FAILING TO SUSTAIN APPELLANT'S MOTION TO REVIEW THE NOTES OF WITNESS JOE E. McFERRIN.
Officer Joe E. McFerrin testified for the State. On cross-examination, the following questions and answers are reflected by the record:
Q. I believe, sir, you have referred to your file in testifying earlier?
A. Yes, sir.
Q. Did you use that file to refresh your recollection of the events in this particular case?
A. Correct.

BY MR. CARLTON: Your Honor, at this time we would move to be allowed to examine Officer McFerrin's file, he used it for purposes of testifying to refresh his recollection.

BY JUDGE RUSSELL: What says the State?

BY MR. BOWEN: Your Honor, we object to that, really in this case there is no reason whatsoever, I don't want to lay a precedent for defense lawyers getting copies of the file of the investigating officer, I don't want to lay a precedent for it and I think it is inadmissible and should not be allowed in this case and we object to it.

BY JUDGE RUSSELL: Counsel, there are certain ways to request discovery and get discovery in criminal cases and that has not been done before the trial began unless you have some unusual, extraordinary reason, I am not going to ask them to produce it at this time.
Appellant contends that Rule 612, Mississippi Rules of Evidence, required disclosure and inspection by the appellant of Officer McFerrin's file.
Rule 612 provides that any portion of a writing or material used for the purpose of refreshing the witness's memory either while testifying or before testifying shall be preserved and made available to the appellate court in the event of an appeal. Counsel for appellant did not ask for or seek, the benefit of that provision of the rule. No portions of the McFerrin file in question have been submitted to this Court for review and we are unable to speculate as to the contents thereof. Carstarphen v. Jones, 108 Miss 704, 67 So. 177 (1915); Wilson v. Brown, 94 Miss. 608, 47 So. 545 (1908). Further, it is unclear from the record as to when the witness referred to his file. Under Rule 612, if the witness used the writing or file to refresh his memory *580 before testifying, then it is within the trial court's discretion to determine whether or not appellant be allowed to see the material. See Bracy v. State, 396 So.2d 632, 633 (Miss. 1981).
The assigned error is denied.

V.

THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE TESTIMONY OF PRIOR DIFFICULTIES BETWEEN APPELLANT AND THE DECEASED.
Appellant specifically complains of the testimony of State witnesses which refers to (1) the appellant's striking of the deceased with a wooden board on the afternoon of March 17th, and (2) the appellant's indiscriminate firing of a gun in anger approximately two weeks prior to the March 17th shooting. The initial answer to that assignment is that there was no objection by the appellant to such testimony and, the point not having been raised in the lower court, is procedurally barred. Gates v. State, 484 So.2d 1002, 1009 (Miss. 1986); McClinton v. State, 459 So.2d 807, 810 (Miss. 1984); Norman v. State, 302 So.2d 254, 259 (Miss. 1974).
The assigned error is denied.

VI.

THE TRIAL COURT ERRED IN FAILING TO SUSTAIN APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL AT THE CONCLUSION OF THE STATE'S EVIDENCE.

VII.

THE TRIAL COURT ERRED IN FAILING TO SUSTAIN APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT OF THE JURY.

VIII.

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR A NEW TRIAL.
We have carefully considered the facts contained in the record of this case, and, accepting those facts favorable to the State as true, conclude that there was an issue for the jury to determine as to the guilt of the appellant. The jury resolved that issue against the appellant and we are unable to say that the verdict was not supported by the evidence. Bunkley v. State, 495 So.2d 1 (Miss. 1986); Carter v. State, 493 So.2d 327 (Miss. 1986); Griffin v. State, 480 So.2d 1124 (Miss. 1985); Johnson v. State, 476 So.2d 1195 (Miss. 1985); Burge v. State, 472 So.2d 392, 396 (Miss. 1985); Hammond v. State, 465 So.2d 1031 (Miss. 1985); Weeks v. State, 465 So.2d 334 (Miss. 1985); Warn v. State, 349 So.2d 1055 (Miss. 1977).
There being no reversible error in the trial below, the judgment must be affirmed.
AFFIRMED.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
HAWKINS, P.J., files a separate specially concurring opinion joined in part by DAN M. LEE, P.J., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ.
DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN and ZUCCARO, JJ., concur in part and dissent in part by separate opinion.
HAWKINS, Presiding Justice, specially concurring:
As the majority notes, it appears from this record that officer McFerrin refreshed his memory from a file which he did not take to the witness stand with him. This, of course, would be the ordinary case; most officers would review their files and refresh their memory before taking the stand. As to such information, defense counsel would already have had the opportunity prior to trial to discover all pertinent information.
*581 The rule makes it absolutely clear, however, that when an officer, or any other witness, takes documents to the witness stand from which he testifies, or reviews occasionally as he testifies to refresh his memory, on cross-examination counsel is entitled to look at the entire file which the witness has with him as he testifies. If this were indeed the case here, then defense counsel would have been entitled to examine it for purposes of cross examination.
DAN M. LEE, P.J., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., join this opinion.
DAN M. LEE, Presiding Justice, dissenting in part and concurring in part:
I concur in the result the Court reaches in affirming Frank Lambert's conviction. I join the specially concurring opinion of Presiding Justice Hawkins clarifying the correct application of our Rule 612, M.R.E., concerning production of material used to refresh recollection.
I dissent, however, from that part of the majority opinion that holds that a defendant waives his right to a preliminary hearing when he agrees to and executes a recognizance bond. This cannot be the law. The Court notes the purpose of a preliminary hearing is twofold: 1) to determine whether or not probable cause exists that the accused person committed a crime, and 2) whether the accused is entitled to bond. Beard v. State, 369 So.2d 769, 772-73 (Miss. 1979). The Court goes on to equate one purpose with the other such that accomplishing one waives the right to the other. I find this result lacking in reason and without support.
Certainly, when a person is accused of committing a crime and has posted a bond, he should have the right to have that bond released if the charges are dropped. Under the Court's reasoning, however, the defendant would not have this opportunity. The defendant thus would be held to answer the charge, and thus be restricted in his freedom, for a much longer period than is necessary simply because he sought to be at liberty prior to the return of an indictment. A defendant should not be held to have impliedly waived his right to have the charges dropped in order to obtain his release on bond. Our criminal rules of procedure seem to agree and reject the notion of an implied waiver.
Rule 1.04, Unif.Crim.R.Cir.Ct.Prac., states that a judicial officer, at a defendant's initial appearance, "shall inform the defendant of his right to a preliminary hearing, and a date for such hearing shall be set within a reasonable time. The preliminary hearing shall be heard on the set date, unless it is waived in writing or in open court and upon advice of counsel. If preliminary hearing is waived by the defendant, the judicial officer shall bind the defendant over to the next grand jury.
Nowhere does Rule 1.04 state that waiver is accomplished by posting a bond. Rule 1.06, Unif.Crim.R.Cir.Ct.Prac., covers bail bonds. Nowhere does it recite that granting bail establishes a waiver of the right to a preliminary hearing.
If Rule 1.04 requires an express waiver, then by what rationale does it follow that it may be waived by implication? None that I discern.
Nothing I say here should be taken to suggest that Lambert's claim has any merit. The charges against Lambert were nolle prossed. The effect of this should have been to release Lambert from bond, making a preliminary hearing moot. If the majority were to rest on this alone, I might be in agreement; however, because the majority goes much further to hold that the right to a preliminary hearing is waived upon agreeing to post a recognizance bond, I must respectfully dissent.
PRATHER, ROBERTSON, SULLIVAN and ZUCCARO, JJ., join this opinion.
NOTES
[1] Glass v. State, 278 So.2d 384 (Miss. 1973); Pilcher v. State, 296 So.2d 682 (Miss. 1974); Harper v. State, 251 Miss. 699, 171 So.2d 129 (1965); set forth that the fact appellant was not afforded a preliminary hearing, without more, does not amount to a violation of his constitutional rights. Failure to show harm or prejudice of failure to have a preliminary hearing has no effect upon the trial of the cause. Gilliard v. State, 462 So.2d 710 (Miss. 1985); Harris v. State, 206 So.2d 829 (Miss. 1968).