525 So.2d 799 (1988)
Mary Elizabeth RYAN
v.
STATE of Mississippi.
No. 57384.
Supreme Court of Mississippi.
May 4, 1988.
*800 Nicholas M. Haas, Waveland, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the court:
Mary Elizabeth Ryan, appellant, was convicted in the Circuit Court of Hancock County of the crime of sexual battery in March, 1986, and sentenced to serve a term of six years in the custody of the Mississippi Department of Corrections. From this conviction, Ryan appeals and assigns as error the following:
(1) The Court erred in allowing six year old victim to testify and to leave the courtroom during testimony before the jury.
(2) The Court erred in allowing Melissa Carver to testify in violation of Miss.Unif. Crim.R.Cir.Ct.Prac. 4.06.
(3) The Court erred in denying defendant a postponement of the trial due to adverse publicity.
(4) The Court erred in granting State's instruction No. S-1, instead of defendant's instruction No. D-1.
(5) The Court erred in denying defendant the right to show prior experience and sexual exposure to the witness.

STATEMENT OF FACTS
Mary Elizabeth Ryan (hereinafter Mary Beth) was employed by Mrs. Renee Carver to babysit her children. Although the record does not state the defendant's age, the testimony indicates that Mary Beth is a young adult. Mrs. Carver's three children ranged in age from four to ten years of age.
On February 21, 1985, Mary Beth was scheduled to babysit the Carver children, Garrett and Melissa. In addition to the Carver children, the Gavagnie's children, Bobby and Alicia, were left in her care.
Approximately two months later, Mrs. Carver and Mrs. Gavagnie were told by their children that Mary Beth had done something to Mrs. Gavagnie's five year old child, Alicia. Mary Beth pulled Alicia into the bathroom and placed her on the counter. Having forced the child into the bathroom, Melissa Carver watched as Mary Beth put some toothpaste on her finger and inserted it into Alicia's vagina. The State's proof was the testimony of the five year old victim and an eye witness, the victim's friend, who was also five years old at the time of the incident. The defendant denied the incident and that she was present in the Carver home on the date in question.

*801 I.

(A)

DID THE TRIAL COURT ERR IN ALLOWING THE SIX YEAR OLD VICTIM, ALICIA GAVAGNIE, TO TESTIFY?
Counsel for Mary Beth argues that the trial court abused its discretion in allowing Alicia Gavagnie, a six year old kindergarten student at the time of trial, to testify.
Counsel for Mary Beth argues that Alicia failed to express intelligent answers, had poor recollection, and did not fully understand the duty to speak the truth.
Under the new Mississippi Rules of Evidence,[1] Rule 601, involving the competency of witnesses, reads as follows, "Every person is competent to be a witness except as restricted by Miss.Code § 13-1-5 (competency of spouses) and § 13-1-11 (persons convicted of perjury or subordination of perjury), or by these rules." With this rule and code section in mind, the trial court conducted a pre-trial competency hearing for Alicia.
Noting the trial court's pre-rule procedure in examining the child, the trial court made a finding supported by the record that the child had the capacity to understand the questions, frame intelligent answers, and had a moral responsibility and consciousness to speak the truth.
In addition to the persuasive testimony of Alicia, this Court holds that this argument is settled by the wording of Mississippi Rule of Evidence 601. Under Rule 601, "[e]very person is competent to be a witness." Therein, the trial court did not err in allowing the testimony of Alicia Gavagnie; rather, his action is supported by the record.

(B)
Was it prejudicial to the defendant for the witness to leave the courtroom twice in order to rehabilitate her?
The record shows that Alicia began crying twice during her testimony and was excused to regain her composure. Although counsel for Mary Beth asserts that Alicia's rehabilitation is prejudicial, he fails to cite any authority. Thereto, Mary Beth's counsel fails to make any persuasive argument in connection with this assignment of error. Faced with this type of situation in the past, this Court has held and again holds that it is not required to consider this type of assignment of error. See Burk v. State, 506 So.2d 993 (Miss. 1987); Harris v. State, 386 So.2d 393, 396 (Miss. 1980); Ramseur v. State, 368 So.2d 842, 844 (Miss. 1979).

II.

DID THE TRIAL COURT ERR IN ALLOWING MELISSA CARVER TO TESTIFY?
Defense counsel asserts, "The first time that counsel for the appellant was aware that Melissa Carver would testify that she was an eyewitness to the alleged event was when the State stated same in its opening argument... ."
Around the time of the January discovery order, Melissa Carver apparently gave a taped statement to the sheriff's department, which statement was later reduced to writing and supplied to the defense.
Counsel argues that the statement negated Melissa Carver's testimony as an eyewitness to the incident. Additionally, counsel stresses that the discovery order stated that "The State possesses no exculpatory or incriminating evidence regarding the defendant."
Counsel believes that the State should have been required to provide supplemental statements of Melissa Carver's proposed testimony showing her to be such an eye witness.
Mississippi Uniform Criminal Rules of the Circuit Court, Rule 4.06 reads:

*802 If, subsequent to compliance with these rules or orders pursuant thereto a party discovers additional material or information which is subject to disclosure, he shall promptly notify the other party or his counsel of the existence of such additional material, and if the additional material or information is discovered during the trial, the court shall also be notified.
Taking Rule 4.06 into consideration, counsel cites Acevedo v. State, 467 So.2d 220 (Miss. 1985). In Acevedo, this Court discusses the purpose of discovery. This Court writes:
The purpose of the Uniform Criminal Rule 4.06 is to avoid unfair surprise to either the State or the defendant at trial.
Harris v. State, 446 So.2d 585, 589 (Miss. 1984); Ford v. State, 444 So.2d 841, 843 (Miss. 1984). In Box v. State, 437 So.2d 19, 21 (Miss. 1983), we said with regard to discovery under rule 4.06:
The question presented here brings into direct conflict two important interests. First there is prosecution's interest in presenting the jury all relevant, probative evidence. On the other hand, there is the accused's interest in knowing reasonably well in advance of trial what the prosecution will try to prove and how it will attempt to make its proof which of course, includes the names of persons the State expects to call as witnesses.
This State is committed to the proposition that these conflicting interests are best accommodated and that justice is more nearly achieved when, well in advance of trial, each side has reasonable access to the evidence of the other. See Rule 4.06, supra; Rules 26-37, Mississippi Rules of Civil Procedure.
This issue is answered by the record. Upon the defense motion for a mistrial, the trial judge read the written statement of the witness that was furnished defendant and found:
[I]t's the Court's position that the objection will be overruled. That availability to Melissa is still present, present on yesterday and today. And I do believe there is sufficient indication in that last paragraph as to what Alisa [sic] would say. that Melissa was in the bathroom, that I think could have been discovered or at least a motion to ask the Court to have an interview with Melissa, would have been sustained.
The content of the witness's statement is not in the record for review by this Court. But the content of the trial judge's finding evidences that the statement was sufficient to put the defense counsel on notice that Melissa was an eye witness. In the absence of the questioned statement in the record, this Court cannot say that the trial court's ruling was in error. Lambert v. State, 524 So.2d 576 (1988).
It therefore follows that the authority of Acevedo, supra, is not applicable. Acevedo represented a factual situation where the furnished statement required updating and supplementation. The instant case is factually distinguishable in that the trial court's assessment of the statement was that it contained sufficient information to notice defense counsel of the fact that the witness was in fact an eye witness. The defense counsel was put on notice of its contents. Interview prior to trial was not sought by him; however, interview during trial was afforded. Box v. State, 437 So.2d 19 (Miss. 1983). There was no further motion for continuance or mistrial by the defendant.
This Court concludes therefore that this factual situation does not contain an updating or supplemental requirement or a Rule 4.06 violation, and therefore, finds no reversible error on this point.

III.

DID THE TRIAL COURT ERR IN DENYING DEFENDANT A POSTPONEMENT OF THE TRIAL DUE TO ADVERSE PUBLICITY?
Counsel for Mary Beth insists that the trial court abused its discretion by denying the defendant a postponement of this trial. The request for a delay centers on a series of publications in the Daily Herald, a newspaper in the Hancock County area. *803 These random articles discuss the area of sexual abuse of children.
With these articles in mind, counsel for Mary Beth asserts, "Time would have helped to place prospective jurors in a different frame of mind... ." Id. Therein, counsel urges that the court's actions were highly prejudicial to the defendant. See McClendon v. State, 335 So.2d 887 (Miss. 1976).
The trial court on March 5, 1986 entered an order denying the motion for continuance. A subsequent renewal of the same motion was made as follows:
In this case, comes now the defendant and moves the court for continuance in this cause for reason that many of the jurors on the panel indicated and stated that the articles appearing in The Daily Herald had been read, and carefully read by them and same had been submitted in a previous hearing. It is the opinion of the counsel that at this time the case being heard would be prejudiced to the defendant. I'm renewing my motion.
Upon considering the foregoing statement, the trial court overruled this motion.
The authority cited by the defendant supporting her request for a continuance was McClendon, supra. This case is distinguishable, and does not arise to a factual circumstance requiring reversal. Johnson v. State, 476 So.2d 1195 (Miss. 1985), Fisher v. State, 481 So.2d 203 (Miss. 1985).

IV.

DID THE TRIAL COURT ERR IN GRANTING STATE'S INSTRUCTION NO. S-1, INSTEAD OF DEFENDANT'S INSTRUCTION NO. D-1?
In reviewing the record, counsel for Mary Beth Ryan submitted an instruction containing the phrase: "Said penetration was without Alicia Gavagnie's consent." Counsel argues that the trial court was in error in refusing the instruction, citing § 97-3-95 Miss.Code 1972. This code section reads:
A person is guilty of sexual battery if he or she engages in sexual penetration with:
(a) Another person without his or her consent:
(b) A mentally defective, mentally incapacitated or physically helpless person; or
(c) A child under the age of fourteen (14) years.
Using the foregoing wording, counsel for Mary Beth asserts that each of these elements is necessary for a proper instruction. Following that reasoning, counsel points out that the State's instruction No. S-1 does not contain the element of "without her consent".
It is apparently appellant's position that the word "or" in § 97-3-95 Miss. Code Ann. (Supp. 1987), does not carry the traditional definition of the word, but instead means "and". This Court concludes that the statute creates three separate classes of victims. Therein, counsel urges that Mary Beth was indicted for "engaging in sexual penetration with Alicia Gavagnie, a child under the age of fourteen (14) years... ."
The Court finds no merit in this assignment.

V.

DID THE TRIAL COURT ERR IN DENYING DEFENDANT THE RIGHT TO SHOW PRIOR EXPERIENCE AND SEXUAL EXPOSURE OF THE WITNESS?
The appellant has combined two alleged errors into one assignment of error and argument. Respectively, counsel for Mary Beth contends that (1) inquiry into her reputation was impermissibly restricted and (2) she was incorrectly denied her right to show that the six-year old victim in this case had been previously sexually abused by someone other than her.
The appellant cites one case, Butler v. State, 253 Miss. 760, 179 So.2d 184 (1965) as authority for both errors. Butler supports neither of the appellant's contentions. This Court in Butler reversed because, "Defendant's counsel did not have a reasonable time to investigate and prepare for trial and a reasonable opportunity to secure a witness from Florida."
*804 Rule 404 of the Mississippi Rules of Evidence allows "Evidence of a pertinent trait of his character offered by an accused...." However, the question in the case is whether the evidence regarding appellant's reputation for sexual morality should have been allowed into evidence.
Finding that sexual morality was the evidence solicited, the State explains that counsel for Mary Beth did not attempt to ask the witness about Mary Beth's sexual morality.
This Court holds that the trial court was correct in limiting testimony of specific acts of good conduct. As pointed out by the State, Rule 405 of the Mississippi Rules of Evidence only allows proof of character by testimony as to reputation or by testimony in the form of opinion.
Following Rule 405, the trial court ruled correctly in refusing to allow testimony regarding appellant's prior specific acts of good conduct.
The next question is whether the trial court erred in disregarding the evidence of the victim's prior sexual abuse with third parties. This same problem was recently raised in Woodruff v. State of Mississippi, 518 So.2d 669 (Miss. 1988).
In Woodruff, the attorney for the appellant, Howard Bass, pointed out in his argument the importance of evidence of prior sexual experience or abuse. It was defense counsel's contention that evidence of prior sexual experience is relevant in proving fabrications by the victim.
State v. Hancock, 46 Wash. App. 672, 731 P.2d 1133 (1987). Hancock stands for the proposition that:
In order to be admissible, evidence of prior sexual abuse of alleged victim must be relevant, as to show motive for fabrication or to rebut inference that victim would not have knowledge of sexual acts and terminology unless defendants were guilty as charged.
Id. 731 P.2d at 1134. Applying this reasoning of Hancock to the case at bar, the evidence of a prior sexual experience by Alicia becomes potentially relevant.
In reviewing defense's argument, counsel points to testimony of Mr. Richard J. Fagard. The proffered testimony revealed that Mr. Fagard testified that he had observed another child, Matthew Price, put his hands under Alicia Gavagnie's dress.
In Woodruff, this Court held:
The question of relevancy appearing in situations as varied as the human experience, its answer must remain in each case discretionary with the trial judge. Roan v. Smith, 272 Ala. 538, 133 So.2d 224 (1961); Young v. Illinois C.G.R. Co., 618 F.2d 332 (5th Cir.1980); and cases cited. 31A C.J.S. Evidence, § 158, footnotes 86 and 87. We cannot say the circuit judge abused his discretion sustaining the state's objection to cross-examining John about the sexual abuse incident in Virginia. Moreover, its exclusion caused no harm to Woodruff.
There was no abuse of discretion in the trial judge's ruling on this issue, and under the authority of Woodruff, supra, this Court finds no reversible error.
Finding no reversible error, the conviction of the trial court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] These rules became effective on January 1, 1986. Appellant in the instant case was tried in March, 1986.