KENNEDY *v.* ARON.

(Division A. Sept. 27, 1937.)

[176 So. 127. No. 32806.]

J. B. Fontaine, of Pontotoc, and Geo. T. & Chas. S. Mitchell, of Tupelo, for appellant.

**W. H. Inzer** and **A. M. Mitchell,** both of Pontotoc, and **C. A. Bratton,** of Oxford, for appellee.

Argued orally by **C. A. Bratton**, for appellee.

**Cook, J.,** delivered the opinion of the court.

Dorothy May Davis, a child eight years of age, was struck and killed by an automobile driven by W. L. Aron on a highway near New Albany, Miss., and this suit was instituted by her grandfather, G. W. Kennedy as administrator of her estate, to recover damages for her death. On the trial of the cause there was a verdict and judgment in favor of the defendant, W. L. Aron, from which this appeal was prosecuted.

Appellee was driving south on highway No. 15, which runs north and south, and the child was struck about 75 feet south of the intersection of a highway running east and west with highway No. 15. At the point of the accident and for some distance north thereof highway No. 15 is straight. The store and residence of the administrator, G. W. Kennedy, is situated just southwest of the intersection of the two highways, and at the time of the accident he was sitting on the front porch of his store, in a position from which he could see the body of appellee's automobile, but on account of an intervening bank could not see the surface of the highway or the child. He testified that his attention was first attracted to the automobile by the noise of the sudden application of the brakes and the skidding of the car as it came to a stop against the western bank of the highway. He immediately ran to the scene and there found his granddaughter lying about 10 feet behind the automobile. The child was then unconscious and so seriously injured that she died shortly thereafter.

There is but one assignment of error that we deem

necessary to consider. On his cross-examination, G. W. Kennedy was asked whether he had stated to, or in the presence of, numerous parties on different occasions before his appointment, as administrator that the accident was unavoidable. He denied making such statement to some of the named parties, and as to the others he simply stated that he did not remember. To contradict the witness in this respect, over the objections of the appellant, the appellee was permitted to show by numerous witnesses that he had stated in their presence that the accident and the death of his granddaughter were unavoidable. The admission of this evidence is assigned as error, and we think it was reversible error, although the jury was instructed that such testimony could only be considered as affecting the credibility of the witness Kennedy.

Upon this question the case of Cofer v. State, 158 Miss. 493, 130 So. 511, and the cases therein cited and discussed are controlling. The witness testified and the appellee admitted, that on account of the intervening embankment he could not see the surface of the highway or the child at the time of the accident, and the evidence establishes that this witness did not know that the child was in or immediately adjacent to the road, and could not have known when she came into the road, or the circumstances immediately connected with striking her, or that she had been struck by the automobile until he reached the scene. Consequently, any opinion that he may have expressed to the effect that the accident and injury were unavoidable was without any factual basis, and was thereof incompetent, irrelevant, and immaterial matter about which it was not competent to contradict or impeach him. For the error in admitting this impeaching testimony the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.