205 So.2d 642 (1968)
George Payton PRICE, Jr.
v.
Susie Elizabeth SIMPSON.
No. 44604.
Supreme Court of Mississippi.
January 2, 1968.
Travis T. Vance, Jr., Prewitt, Bullard & Braddock, Vicksburg, for appellant.
Oscar P. LaBarre, Vicksburg, for appellee.
INZER, Justice:
This is a paternity case. Appellee, Susie Elizabeth Simpson brought suit in the County Court of Warren County pursuant to the provisions of Mississippi Code 1942 Annotated, section 383-02 (1962), against appellant, George Payton Price, Jr., seeking to have him declared the father of her child born out of wedlock. A judgment was entered in that court in accordance with a jury verdict declaring appellant the father of the child. He was required to pay $25 per week for support of the child, to reimburse appellee for loss of wages and attorney's fee, and to pay her medical expenses. From this judgment he has appealed to this Court.
This principal error assigned is that the trial court was in error in allowing appellee's counsel, over objection, to contradict appellant on an immaterial and irrelevant matter. At the beginning of the trial, appellee called appellant as an adverse witness and cross-examined him as to his relations with appellee. Appellant admitted that during the months of September, October, November and December he had dated appellee and that during that period of time they had engaged in sexual relations. He denied however, that he had sexual relations with her at any time during the month of January when the child was conceived. Counsel for appellee then asked appellant if it were not a fact that he had made another unmarried *643 girl pregnant. Appellant objected to this question and made a motion that the jury be instructed to disregard it. The objection was overruled. Thereafter, during the course of the trial, appellee called as a witness one Genevieve Jordan, who testified that she had dated appellant in 1964, that she had had sexual relations with him which resulted in pregnancy, and that a child was born which she placed for adoption. This testimony also was objected to by appellant, and his objection was again overruled.
We are unable to see any basis upon which this testimony was admissible. The trial court allowed it in spite of the fact that the only issue to be tried by the jury was whether appellant was the father of the child born to appellee. If it was introduced for the purpose of contradicting appellant on his testimony that he had not made another woman pregnant, the effect was to contradict him on an immaterial matter. It is a well established rule that it is error to allow a witness to be contradicted on an immaterial matter. This is the rule in civil as well as criminal cases. Most of the cases decided by this Court which have involved this question have been criminal cases, but the same rule is applicable in civil cases. In Kennedy v. Aron, 179 Miss. 458, 176 So. 127 (1937), a civil case, we held that it was reversible error to allow a witness to be contradicted on an immaterial matter. Among the cases cited therein is Cofer v. State, 158 Miss. 493, 130 So. 511 (1930), wherein we stated that it is a well settled rule in this State that it is not competent to contradict or impeach a witness about an immaterial or collateral matter. We stated that the test is, "Would the cross-examining party be entitled to prove it, as a part of his case, tending to establish his plea?" When this test is applied to the instant case, it is clear that the testimony in question was not admissible. It certainly could throw no light on the question of whether appellant had sexual relations with appellee during the month in which the child was conceived. We are unable to see any basis upon which this testimony could have been admissible. Moreover, to allow appellant to be contradicted on an immaterial or collateral matter was not only error, but also highly prejudicial.
It was error, too, for the trial court to grant, at the request of appellee, the following instruction:
The Court instructs the jury for the plaintiff that the defendant could have on his own motion requested the court to order the mother, the child and himself to submit to blood tests.
The Legislature of this State has prescribed the authority for blood tests in paternity cases. Mississippi Code 1942 Annotated section 383-08 provides:
The court, upon motion of the defendant, shall order the mother, the child, and alleged father to submit to blood tests. If any party refuses to submit to such tests, the court may resolve the question of paternity against such party or enforce its order if the rights of others and the interests of justice so require.
Section 383-09 provides:
The tests shall be made by experts qualified as examiners of blood types who shall be appointed by the court. The experts shall be called by the court as witnesses to testify to their findings and shall be subject to cross-examination by the parties. Any party or person at whose suggestion the tests have been ordered may demand that other experts, qualified as examiners of blood types, perform independent tests under order of court, the results of which may be offered in evidence. The number and qualifications of such experts shall be determined by the court.
Section 383-11 provides:
If the court finds that the conclusions of all the experts, as disclosed by the evidence based upon the tests, are that the alleged father is not the father of the child, the question of paternity shall be resolved accordingly.
*644 These statutes do not require a defendant in a paternity suit to request the blood tests. However, if a blood test is requested the results must be introduced in evidence. It is an established medical fact that blood tests cannot definitely establish that a particular man is the father of a particular child, but only that he is not. The Legislature saw fit to leave to the discretion of a defendant in a paternity suit whether to request a blood test. No adverse inference may be drawn from his failure to request such test. The jury could have and probably did draw an inference adverse to appellant from the instruction granted in this case. Upon retrial the instruction should not be granted.
For the reasons stated, this case is reversed and remanded for a new trial.
Reversed and remanded.
ETHRIDGE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.