# IN THE COURT OF APPEALS 01/28/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-CA-00422 COA


SAMANTHA ROBINSON

APPELLANT

v.

RANKIN COUNTY, MISSISSIPPI

APPELLEE


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. JOHN B. TONEY

COURT FROM WHICH APPEALED: RANKIN COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

THOMAS T. BUCHANAN

ATTORNEYS FOR APPELLEE:

ROBERT O. ALLEN

RAYMOND O. BOUTWELL, JR.

NATURE OF THE CASE: PERSONAL INJURY

TRIAL COURT DISPOSITION: DEFENSE VERDICT

MANDATE ISSUED: 6/26/97


BEFORE MCMILLIN, P.J., BARBER, AND COLEMAN, JJ.

MCMILLIN, P.J., FOR THE COURT:

The Court is called upon today to decide an appeal taken from a jury verdict for the defendant, Rankin County, returned against Samantha Robinson in the Circuit Court of Rankin County.

I.

Preliminary Discussion

Robinson was injured in a one car accident that occurred on the evening of May 15, 1992, on a public road maintained by the Rankin County Board of Supervisors. Robinson originally reported that she had left the road on the right-hand side because an approaching vehicle's headlights had obscured her vision. She subsequently asserted that a proximate contributing cause of her accident was that, as the other car approached, she struck an unrepaired pothole in the road causing her to lose control. She asserted that the road defect was one of long-standing and that the county was negligent in permitting the condition to continue after having notice and sufficient time to make repairs. Thus, she sought compensation for her injuries from Rankin County.

The case was tried to a Rankin County jury and the jury returned a verdict in favor of the county. Robinson perfected this appeal, raising four issues for consideration by this Court. Her contentions are that (a) the trial court erred in allowing testimony of an officer who investigated the accident that was in the nature of expert testimony; (b) the trial court erred in permitting the county to call three witnesses not designated in the County's discovery responses; (c) the trial court erred in allowing impeachment testimony against a defense witness on a collateral matter; and (d) the trial court erred in excluding certain photographs of the accident scene that were crucial to the jury's understanding of the testimony of the plaintiff's accident reconstructionist.

The parties seem to be in agreement that sovereign immunity is not an issue in this case, apparently based upon the availability of insurance coverage purchased by the county.

We conclude that the issues presented on appeal are without merit and that the verdict should be affirmed.

II.

The Investigating Officer's Testimony

Deputy Sheriff Greg Eklund was the investigating officer at the accident scene. At trial, he testified to certain observations that he made the night of the accident, including the fact that he saw tire tracks that indicated that Robinson's vehicle left the pavement before it reached the pothole. Robinson claims that Eklund's testimony was in the nature of expert testimony as an accident reconstructionist and that he had neither been disclosed as an expert witness in discovery nor qualified at trial as a

reconstructionist. She cites the Court to the case of *Couch v. City of D'Iberville* as authority for the proposition that opinion evidence from an investigating officer as to the cause of an accident is expert testimony under Mississippi Rule of Evidence 702 and, thus, not admissible until the officer has been properly qualified. *Couch v. City of D'Iberville*, 656 So. 2d 146, 153 (Miss. 1995).

Our review of Deputy Eklund's testimony convinces us that Rankin County is correct in contending that Eklund did not give inadmissible testimony as to his opinion of the cause of the accident. His testimony consisted of a factual recitation of the physical facts he observed at the scene. These facts included his observation of tire tracks indicating the point where Robinson's vehicle appeared to leave the paved road surface, together with indications in the form of damaged vegetation and tire tracks that showed the path Robinson's vehicle took after leaving the road. He also testified to observing a pothole in the paved portion of the county road and that, based on his observation, the tire tracks indicated that Robinson's vehicle left the paved road before it got to the pothole. Such testimony could have been offered by any witness who was present at the scene of the accident, since it requires no special training, expertise or knowledge beyond that possessed by the average adult. Observations confined to the physical phenomena resulting from a motor vehicle leaving the paved surface, traveling across the adjacent ground and coming to rest are not objectionable as being expert testimony. Eklund was not testifying that it was his opinion that Robinson's car left the road before it got to the pothole. Rather, he was testifying to physical evidence at the site that tended to establish as a matter of fact that this is what occurred. Such testimony was not expert opinion testimony under Rule 702.

The preliminary questions asked by defendant's counsel concerning Eklund's experience and responsibilities in investigating accidents do not appear to have been an attempt to qualify Eklund as an expert, but were legitimate efforts to persuade the jury that his observations were entitled to more weight than might be given to the same evidence from a casual observer since, in making these physical observations, Eklund was carrying out a duty placed upon him by virtue of his position.

III.

Witnesses Not Disclosed in Discovery

Robinson claims reversible error when the trial court permitted three witnesses to testify who were not properly disclosed during discovery. The situation regarding two of these witnesses is different from the third, and we will discuss the questions separately.

A.

Greg Eklund and Richard Wilson

Robinson filed interrogatories asking the county to disclose both "all persons having knowledge of the occurrences in connection with the accident . . ." and "all persons you intend to call at the trial hereof who are not experts . . . ." In response to the first question, the county responded with a list of eight individuals including Deputy Eklund; Tim Mangum, a volunteer fireman who assisted in getting

Robinson into the ambulance; and Richard Wilson, another Rankin County official who visited the accident scene in the company of Robinson's father. In response to the second question, the county responded as follows:

> It is premature for the Defendant to make trial decisions. Without waiving any further objections, the Defendant would state that any person named in any of these Interrogatories may be called as a witness.

The county did not supplement its responses prior to trial. Eklund, Mangum and Wilson all testified at trial. On appeal, Robinson claims the trial court erred in permitting Wilson and Eklund to testify based on this alleged discovery violation. For some reason, the assignment of error does not include Mangum, although Mangum was mentioned explicitly when the issue came up during the course of trial.

In response to Robinson's objection to the county's failure to supplement, the trial court concluded as a matter of fact that the county's unsupplemented response was "a sufficient disclosure to put the Plaintiff on notice of the witnesses who might be called in the case." In view of the limited number of potential witnesses disclosed as having "knowledge of the occurrences" surrounding this accident, we cannot conclude that the trial court was manifestly in error in so deciding. We are not faced with a situation where, in response to inquiry concerning the broader issue of persons "having knowledge of any discoverable matter," a party has disclosed a large number of persons, a substantial number of whom are unlikely to be called as witnesses. Mere adoption of this lengthy list by reference under these circumstances could be seen as an attempt to evade the stricter inquiry of which potential witnesses will, with some reasonable measure of probability, be called as witnesses by the party. In such a case, some sanction for discovery violations might well be in order. Such considerations do not seem to be present in this case.

We conclude, on the facts of this case, that the trial court was not manifestly in error when it determined that the discovery response substantially complied with the rules. Robinson does not establish any prejudice arising out of the fact that these witnesses were permitted to testify. She does not even allege any such prejudice. Eklund had, as a matter of fact, been deposed by Robinson during discovery. Wilson's pertinent testimony consisted of his report of certain statements made by Robinson as he assisted in transporting her from the wreck into the ambulance, statements similar in content to others made by Robinson and apparently not contested. One of the principal aims of discovery is to prevent "trial by ambush," not to lay a procedural trap to prevent the receipt of relevant evidence. *Kinard v. Morgan,* 679 So. 2d 623, 626 (Miss. 1996) (citation omitted). There is no indication that Robinson was surprised by the testimony of either of these witnesses. Without a showing of specific prejudice, we do not find these circumstances to create a discovery violation of sufficient magnitude to warrant reversal of this case.

B.

Earnest Wilson, Jr.

Earnest Wilson was the wrecker driver who was called to tow Robinson's car from the accident scene. He was not listed by the county as one having knowledge of discoverable facts. Over Robinson's objection, the trial court permitted the county to call Wilson to contradict certain factual assertions made by Robinson's father, Derrick Robinson, during his testimony in plaintiff's case in chief.

Derrick Robinson testified that he learned of the accident while at work on an off-shore drill rig, and that it was approximately 7:00 or 7:30 on the morning after the accident before he arrived in Rankin County. He said that his route of travel by pure chance took him past the accident scene and that when he arrived, Wilson was about to start removing the car from its final resting place after the accident. Robinson claimed that he delayed Wilson in his work until he had an opportunity to observe the exact location and condition of the vehicle.

The county called Wilson for the sole purpose of testifying that he had arrived at the accident scene no later than 10:00 p.m. with his wrecker, that he proceeded to pull the car back onto the road, called for a flatbed truck, waited something on the order of 30 minutes for the truck to arrive, then loaded the car onto the truck and departed the scene. He testified that all of these events occurred the night of the accident, not the next morning, and that he had no recollection of seeing Derrick Robinson during any of that time.

As we have stated earlier, the principal purpose of discovery is to prevent unfair surprise in the conduct of a trial. Robinson cannot be said to have been surprised by the fact that the wrecker driver, though not mentioned in the county's discovery responses, would have knowledge of the work he performed in removing the car from the accident scene. The county did not call him as a surprise fact witness concerning some aspect of the accident itself, and it appears unlikely that he would have been a witness at all had Derrick Robinson not testified to events that the county contended did not occur.

Nevertheless, conceding for the moment a technical discovery violation, this Court is reminded that the sanction for such a violation is not necessarily the exclusion of that witness's evidence. To the contrary, "[e]xclusion of evidence is a last resort. Every reasonable alternative means of assuring the elimination of any prejudice to the moving party and a proper sanction against the offending party should be explored before ordering exclusion." *McCollum v. Franklin*, 608 So. 2d 692, 694 (Miss. 1992). In this case, the trial court considered Robinson's request that Wilson's testimony be excluded and, instead, elected to permit her counsel adequate time to interview the witness in advance of his testimony. In view of the limited purpose for which Wilson was to be called, and in view of the fact that it appears with some certainty that the issue of the credibility of Derrick Robinson's testimony only presented itself after the trial had begun, we find the trial court's handling of the matter well within the discretion granted to it in the conduct of the trial.

IV.

Violation of Mississippi Rule of Evidence 608(b)


Robinson also claims that Earnest Wilson's testimony runs afoul of Mississippi Rule of Evidence 608(b), which prohibits impeaching a witness by extrinsic evidence of "[s]pecific instances of the

conduct of a witness." M.R.E. 608(b). This rule has no application to this case. The rule clearly governs the matter of proving incidents unrelated to the case being tried that would bear adversely on the credibility of the witness. It does not relate to evidence that tends to discredit the witness by showing that the witness's participation in events relating directly to the case could not have occurred as the witness claims. Under Robinson's theory of this rule, a purported eye-witness to an event could not be impeached by testimony that would tend to establish he was not at the scene. We do not conclude the rule to be this broad.

In her argument, Robinson also asserts that "[w]hether the car was removed in daylight or dark is entirely a collateral matter." If this assertion can be considered as invoking the doctrine, not related to Rule 608, that a witness may not be impeached by extrinsic evidence on a collateral matter, s*ee, e.g., Johnson v. State,* 655 So. 2d 37, 41 (Miss. 1995) (citing *Price v. Simpson,* 205 So. 2d 642, 643 (Miss. 1968)), we find it to be without merit. Procedurally, Robinson made no such objection at the trial level and is barred from raising it for the first time on appeal. M.R.E. 103(a)(1); *Davis v. Singing River Elec. Power Ass'n,* 501 So. 2d 1128, 1131 (Miss. 1987) (citations omitted). Substantively, we note that Robinson's expert reconstructionist relied, in part, on information supplied by Derrick Robinson, including his purported observations of the exact location of the car after the accident, in forming his opinion as to how the accident occurred. Evidence that tended to cast substantial doubt on whether Derrick Robinson had made such physical observations does not appear to be a collateral matter, but seems to go to the heart of Robinson's proof establishing negligence on the part of the county. Whether a matter is collateral or not is not subject to a bright line test, but is committed in the first instance to the discretion of the trial court. *Terrain Enters. v. Mockbee,* 654 So. 2d 1122, 1128 (Miss. 1995). We can find no abuse of discretion in the admission of this evidence.

V.

Exclusion of Photographs

Robinson's final assignment of error is that the trial court erred when it excluded certain photographs of the accident scene that Robinson's reconstructionist intended to use to explain his theory of the accident. The photographs showed that the County had improved the road following the accident, and they were excluded as improper evidence of subsequent remedial measures under Mississippi Rule of Evidence 407. Robinson cites no authority in support of her argument except to quote from the comments to Rule 407 that Mississippi common law permitted such proof if the defendant contended at trial that such modifications were not feasible or if the defendant contended that the condition had not been altered by subsequent work. *See* M.R.E. 407 cmt. Neither exception applies in this case.

The rule, designed to encourage parties to make improvements without fear that these improvements will be used to establish fault, clearly applies to this case. We also note that the trial court specifically found that there was sufficient evidence in the form of charts and other photographs in the record to permit the expert to adequately explain his theories without resort to these objectionable photographs. This conclusion appears to be substantially correct, thus, even

were the photographs wrongly excluded, their absence would be harmless error. *See* M.R.E. 103(a).

**THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**FRAISER, C.J., THOMAS, P.J., BARBER, COLEMAN, DIAZ, PAYNE, AND SOUTHWICK, JJ., CONCUR. KING, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY BARBER, COLEMAN, AND PAYNE, JJ. BRIDGES, P.J., NOT PARTICIPATING.**

# IN THE COURT OF APPEALS 1/28/97

## OF THE

## STATE OF MISSISSIPPI

### NO. 95-CA-00422 COA

**SAMANTHA ROBINSON**

**APPELLANT**

**v.**

**RANKIN COUNTY, MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

KING, J., CONCURRING:

I agree with the result reached in the majority opinion. However, I write to express my disagreement as to the designation of Greg Eklund's testimony as mere lay opinion rather than expert testimony.

The majority states that Eklund merely testified to the matters observed by him at the accident scene.

However, a careful reading of the record indicates that Eklund testified as to the point where the vehicle left the road. This testimony would have to be based on actual observation or accident reconstruction. Since Eklund did not observe the accident, his testimony could only have been based upon a reconstruction of the accident. Such an effort would require that Eklund have been qualified as an expert.

Indeed the Defendant sought to bolster Eklund's testimony and the weight given to Eklund's testimony by questioning him regarding his experience in accident investigation and the result of his investigation, not observation, in the instant case. An effort at enhancing the weight of an individual's testimony based upon special training or powers of observation, is an effort to establish that person as an expert. *Seal v. Miller,* 605 So. 2d 240, 244 (Miss. 1992).

While Eklund should have been identified and qualified as an expert prior to his testimony, the overall impact of this failure is negligible.

**BARBER, COLEMAN AND PAYNE, JJ., JOIN THIS OPINION.**