736 So.2d 407 (1999)
Darryl RUFFIN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00508 COA.
Court of Appeals of Mississippi.
March 23, 1999.
*408 Azki Shah, Clarksdale, Attorney for Appellant.
Office of the Attorney General By Scott Stuart, Attorney for Appellee.
BEFORE BRIDGES, C.J., COLEMAN AND IRVING, JJ.
BRIDGES, C.J., for the Court:
¶ 1. Darryl Ruffin was convicted of sale of cocaine and sentenced to serve a term of twelve years in the custody of the Mississippi Department of Corrections with the last seven years suspended pending his good behavior and ordered to pay a fine of $1,000 and court costs. He appeals the conviction and sentence.
¶ 2. The only issue raised by Ruffin on appeal is that the trial court erred in allowing the State to impeach his testimony on "a collateral matter by calling Deputy Bill Cole as a witness." We find no merit to this issue and affirm the judgement of the trial court.

FACTS
¶ 3. On December 5, 1995, Marshall Pack of the Panola County/Tate County Narcotics Task Force and two cooperating individuals, Beverly Fondren and Robert Milton, set out to purchase crack cocaine in Panola County. The three went to Darryl Ruffin's residence in a vehicle equipped with a video camera installed beneath the radar detector.
¶ 4. When the three arrived at Ruffin's home, Ruffin was not there, and Milton, who was wired with a transmitter, talked to George Eppenger, Jr. about buying some cocaine but had to wait for Ruffin to arrive. Ruffin drove up a short time later. Ruffin then motioned for Milton to come inside the house. Milton gave Ruffin $50 for crack cocaine and came back to the car to get an additional $100 from Agent Pack. Milton returned to the door of the house and gave the $100 to Eppenger.
¶ 5. At trial Agent Pack, Beverly Fondren, and Robert Milton all identified Ruffin as the person they saw. The jury also saw the videotape of Milton talking to the person identified as Ruffin outside Ruffin's home and heard the audiotape of the transaction. There was also testimony establishing that the substance purchased was cocaine.
¶ 6. Ruffin testified at trial and denied that he sold cocaine to Milton. His testimony was that the vehicle belonged to his brother, Keith Ruffin, and that it was Keith who sold the cocaine to Milton. In rebuttal to Ruffin's testimony, the State called Deputy Bill Cole. Cole testified that Keith Ruffin was in Quitman County Jail from November 24, 1995 until April 11, 1996 and consequently was in jail on December *409 5, 1995, when the sale of cocaine took place.

DISCUSSION
¶ 7. Ruffin contends that his trial was "totally unfair" because the trial court allowed the State to call Deputy Bill Cole as a rebuttal witness. Ruffin complains that he "was made to appear less than honest" and argues that the elicited testimony was on a collateral matter.
¶ 8. M.R.E. 607 provides that any party may attack the credibility of a witness. Even then evidence is admissible only if relevant. M.R.E. 402. The right to present evidence contradicting a witness's testimony does not extend to collateral matters or matters not relevant to the issue at hand. Johnson v. State, 655 So.2d 37, 41 (Miss.1995); Price v. Simpson, 205 So.2d 642, 643 (Miss.1968). In Price, the test for determining if an issue is collateral is whether the cross-examining party would be able to prove the matter in their case. Id. In Johnson, the supreme court held that even if the evidence did not pass the test in Price, that evidence was not collateral if it concerned whether a witness was truthfully recalling the events in question. Johnson, 655 So.2d at 41.
¶ 9. In the present case, while the State did not have to prove that Keith Ruffin was not the person who sold the crack cocaine in its case-in-chief, the identity of the person who made the sale was the relevant question. The whereabouts of Keith Ruffin on December 5 ceased to be a collateral matter when Darryl Ruffin testified that his brother, and not he, made the sale. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M.R.E. 401. The purpose of Cole's testimony was to show that Keith Ruffin could not have committed the crime and thus to discredit Darryl Ruffin's testimony.
¶ 10. The question of the relevancy and admissibility of evidence is within the discretion of the trial court and reversal will only be had where that discretion is abused. Johnson, 655 So.2d at 42; Roberson v. State, 595 So.2d 1310, 1315 (Miss. 1992); Johnston v. State, 567 So.2d 237, 238 (Miss.1990). Determination of whether evidence is properly admitted as rebuttal evidence is also within the court's discretion. Powell v. State, 662 So.2d 1095, 1098-99 (Miss.1995). In this case, the court offered the defense the opportunity to put on surrebuttal. The defense had the opportunity to show that Keith Ruffin was actually out of jail and could have sold the cocaine but the defense declined to do so. We find no abuse of discretion in this case. The testimony of Cole was admissible and relevant.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF SALE OF CONTROLLED SUBSTANCE AND SENTENCE OF TWELVE YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST SEVEN YEARS SUSPENDED PENDING GOOD BEHAVIOR AND FINE OF $1,000 IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.